Stephen Le Roy and others, Respondents, *v.* The Market Fire Insurance Company of the City of New York, Appellants.

Where a policy of insurance against loss by fire in express terms declares the survey, or description of the premises referred to therein, to be "a part of the policy" and "warranties;" such description is to be so construed, and not to be regarded as a representation merely.

A warranty if broken defeats the policy; the insurer may insist upon its exact truth, according to its tenor.

In such case, it is error to submit to the jury the question, whether the particulars, in which, at the time of issuing the policy, the premises did not correspond with the description, increased the risk or not.

In regard to mere representations, the rule is otherwise.

Appeal from judgment of General Term of the second district, affirming judgment in favor of the plaintiffs.

The action was brought to recover on a policy of insurance issued by the defendant to the plaintiffs, for two thousand dollars.

The defendant alleges in the answer, that certain representations were made by the plaintiffs, to induce the defendant to enter into the contract, which were false, whereby the risk was increased, and the policy thereby avoided. The cause was tried at the Dutchess County Circuit, and it appeared upon the trial, that, on the 5th day of June, 1861, the plaintiff effected the insurance in question, as follows:

"$1,233.75 on their part one and part two story frame building with additions attached, including water-wheels therein and occupied as a paper-mill, situate in Rhinebeck, Dutchess county, *as per survey, No.* 280, *filed in the office of the Park Insurance company, N. Y., and* $766.25 on their fixed and movable machinery and fixtures contained in said building. Other insurance permitted without notice unless required."

In the policy it is provided, that "this policy is made and accepted in reference to the terms and conditions herein contained and hereunto annexed, which are hereby declared

to be a part of the contract, and are to be used and resorted to in order to determine the rights and obligations of the parties hereto in all cases not herein otherwise specially provided for."

In the *conditions of insurance* annexed to the policy are the following provisions:

"1. Applications for insurance on property must be in writing, and must specify the construction and materials of the building to be insured, or containing the property to be insured, by whom occupied, whether as a private dwelling or how otherwise, its situation with respect to contiguous buildings and their construction and materials, and whether any manufacturing is carried on within or about it; and, in relation to the insurance of goods and merchandise, the application must state whether or not they are of the description denominated hazardous, extra hazardous, or specially hazardous, and such survey and description shall be taken and deemed to be a part and portion of the policy issued thereon, and warranty on the part of the insured.

"2. If any person effecting insurance in this company shall make any misrepresentation or concealment touching the risk to be assured; or if, during the existence of this policy, or any renewal thereof, the risk shall be increased by any means within the control of the insured, or by the occupation of the premises for more *hazardous* purposes than are permitted by this policy; or if the insured, at or before the taking of any renewal, shall fail to notify the company of any increase of the hazard, whether within or without the premises, and have the same indorsed hereon, — this policy shall be void. Every renewal shall be deemed to be made upon the faith of the representation on which the original policy was granted, unless represented by a new description of the risk."

The policy conditions and survey form together but one contract, as it is expressly stipulated that the survey and the representations therein are to be deemed a warranty.

It also appeared that policies for the same amount were taken out by the plaintiffs in three other insurance com-

panies, one of them the Park Fire Insurance company, and that a survey had been made in reference to the last policy which was on file in the office of that company, which the defendant claimed was adopted by the plaintiffs as a part of the policy issued by the defendant. The material facts relating to the survey are sufficiently noticed in the opinion. The survey contained statements as to the situation of the property, the water, the means of employing it for the extinguishment of fires, etc., which the defendant claimed was a warranty. Exceptions were taken to the charge of the judge, and his refusal to charge, which, with the points made, are also stated in the opinion. The jury found a verdict for the plaintiffs, in which judgment was entered. The defendant appealed to the General Term, and the judgment was affirmed, and the defendant appealed to this court.

*John Thompson*, for the appellant.

*Homer A. Nelson*, for the respondent.

Per Curiam. This case is distinguished from *Le Roy v. The Park Insurance Company* in this, that by one of the conditions of the policy in this case, the representations contained in the survey referred to in the policy, are made part of the policy, and are declared to be warranties. This must be deemed assented to by the plaintiff, when he accepted the policy, and it is therefore the contract between the parties. If these representations are warranties, it was error to submit to the jury the question, whether the particulars, in which, *at the time when this policy was made*, the premises did not correspond with the description, increased the risk or not. The rule of the charge to the jury, in this respect is true as to mere representations, but not so of warranties these the insurer may insist upon according to their tenor.

To assume, then, that the survey referred to in this policy was a mere representation, and submit to the jury the question of materiality, was error, for the policy of these defendants was issued after this survey was made.

On the question whether the survey *produced on the trial* was made as a survey by the plaintiff, and was intended as the basis of the insurances to be effected, or, on the other hand, whether there was another survey which the plaintiff supposed was the survey referred to in the policy, was in doubt upon the evidence, but that did not warrant an assumption by the court, in the charge to the jury, that there was no warranty.

If the Market Insurance company—the defendants—made the insurance in good faith, in reliance upon the survey produced on the trial, while the plaintiff supposed another survey was referred to, it may be true that the minds of the parties did not meet in *any* contract of insurance.

A new trial may throw more light upon that question.

The judgment must be reversed, and a new trial ordered; costs to abide the event.

MILLER, J. (dissenting). The plaintiffs in this action claim to recover upon a policy of insurance, issued on the fifth day of June, 1861. It appeared, upon the trial, that on the fourteenth day of October, 1860, the Park Fire Insurance company insured the same property for the plaintiffs, and that the survey introduced in evidence was made in reference to that insurance on the twenty-second of May, 1861, and filed in the office of the latter company. This survey is entitled " State Fire Insurance Company of New Haven, Conn.," and although originally dated on the twenty-second of May the date was subsequently altered to the fourteenth day of October previous, when the policy was actually issued. It is referred to in the policy of insurance, upon which this action is founded, in connection with a description of the location of the building, as a survey filed in the office of the Park Fire Insurance company, and in no other manner.

The principal questions arising in the case relate to the effect of the survey. The defendant claims that it was incorporated in, and became a part of, the policy, and, being such, that its terms and conditions were violated; and, therefore, that there was no question for the jury in the case, and the

court should have directed a verdict in favor of the defendant. The correctness of the position thus assumed is based upon the ground, mainly, that the survey was an application on the part of the plaintiffs for an insurance, and that the representations made therein were a material part of the contract, and a warranty on the part of the plaintiffs. I think that this position cannot be maintained, and that it is, at least, exceedingly questionable, as the evidence stands, whether it was ever adopted by the plaintiffs as a survey, or an application on their part for insurance.

As we have already seen, the survey in question was made in reference to a policy in another company; and there is nothing in the body of the policy of the defendant which designates and states that such survey is a portion of it, or that it was adopted as such. The designation of it only relates to the description of the property, and does not, of itself, make it a part of the policy. It was in existence before the policy was issued; purported to be in another and different company, in which no policy had been taken out by the plaintiffs; and was filed in reference to another policy of the plaintiffs in another company. Independent of the inference to be drawn from the language of the policy itself, it is by no means clear, from the testimony, that it was intended to adopt the survey as an application of the plaintiffs, upon which the policy was issued.

While the testimony of the agent of the company tends to establish that this survey was made out with the approbation of the plaintiffs, and in reference to the policy issued by the Park Fire Insurance company, it is expressly denied by one of the plaintiffs, and another witness, that such was the fact; and it is proved to be a mere private memorandum, made by the agent for his own benefit, and that another survey was actually made, and sent to the agent by the plaintiffs. The evidence, certainly, is strongly adverse to the claim of the defendant, that the survey introduced in evidence was in fact the survey given by the plaintiffs for the purpose of the insurance obtained in the Park Fire Insurance company. At least the testimony was conflicting, and, with such con

tradictory statements, it was not, I think, sufficiently established, even as to the Park Fire Insurance company, that it was an act of the plaintiffs, and that the statements therein contained were binding upon them as a warranty or representation. Even if the survey was applicable to the Park Fire Insurance company, which I think is not the case, yet, being in existence at the time when the policy of the defendant was issued, and it not appearing that the plaintiffs adopted it, and it being apparent that the reference to it in the policy was the act of the company and confined and limited merely to the description of the location of the building, the plaintiffs are not responsible for it.

In *Rowley* v. *The Empire Ins. Co.* (36 N. Y. 550), it was held, that an agent, authorized to take applications for insurance, should be deemed to be acting within the scope of his authority when he fills up the blank application of insurance; and if, by his fault or negligence, it contains a material misstatement, not authorized by the instructions of the party who signs it, the wrong should be imputed to the company and not to the assured. If we apply this rule to the case under consideration, it cannot, I think, be said justly, that the defendant is relieved from responsibility. The defendant's agent made the survey; and, as there is evidence to show that the plaintiffs regarded it as a mere memorandum of the agent, and that another survey was sent by the plaintiffs, it was at least a fair question for the jury to determine whether it was the act of the plaintiffs. If the views expressed are sound, then it necessarily follows, that the court, upon the trial, properly refused the motion for a nonsuit and to direct a verdict in favor of the defendant.

It also follows, as a consequence, that the several requests to charge the jury, predicated upon the theory that the survey was to be considered in connection with the policy, were properly refused.

There was no error in refusing to charge, that the fact that the building was open and accessible to intruders, and unwatched, made the risk greater and avoided the policy. There was testimony to show that the windows were nailed,

the doors barred or locked, and the mill properly protected and taken care of; and the request made assumed as a fact what was at least exceedingly doubtful. The request to charge, that the keeping or leaving of paper-cuttings in the mill increased the risk and voided the policy, was also properly refused. There was no proof that there was any such paper-cuttings in the mill. There was evidence that a pile of waste paper was there; but the same witness who testified to this fact also swore that there is always more or less waste paper around a paper-mill, and the proof did not show that such waste paper increased the risk upon the policy taken.

Nor was there any error in submitting to the jury to determine whether the presence of water in the flumes and the mill was material to the risk; and if, in their opinion, it was not, that the absence of such water did not avoid the policy. Clearly, this was a proper question for the consideration of the jury. In reference to this portion of the charge, it may be remarked, that it is founded, somewhat, if not entirely, upon the assumption that the survey was a part of the policy, and that the plaintiff was bound by its representations. This assumption, as I have already indicated, is not well founded; and for this reason, also, the charge made could work no injury to the defendant, even if erroneous.

It is now urged by the defendant's counsel, that the risks of the company had been increased by the withdrawal of the water from the flumes and pipes, and thus removing facilities for the extinguishment of fires, and adding to the exposures of the property to fires. It does not distinctly appear that any greater hazards were incurred since the policy was issued; and the fact that the mill was not running was known at the time. But, if we can regard the evidence as tending to establish that any new risks existed, I am inclined to think that the charge of the judge, that " the risk to the defendant by the withdrawal of water from the flumes and pipes may or may not have been increased," with the other directions given under the proof in the case, properly presented the subject to the consideration of the jury, and that there was

no error in this respect.    The fact is, that some of the requests to charge assumed as undisputed facts what properly belonged to the jury to decide; and there was no positive evidence that the risks were increased, or that any such material change existed as to warrant the court in granting any of the several requests to charge, which were made by the defendant's counsel and refused, or as would authorize the court to take the case from the jury.

It is also urged by the defendant's counsel, that the application of the agent, made him the agent of the insured, and that the conditions being broken, it avoids the policy.    This point was not taken upon the trial, and I think is not sustained by the facts of the case.    As already stated, it is exceedingly questionable whether any express authority was given to the agent by the plaintiffs, and there is no good ground to warrant the assumption, in my opinion, that the agent of the defendant acted by authority and on behalf of the assured.    There was no error on the trial, and the judgment of the General Term should be affirmed.

Judgment reversed, and new trial ordered ; costs to abide the event.