· STEPHEN LE ROY and others, Respondents, *v.* THE MARKET FIRE INSURANCE COMPANY, Appellant.

In an action upon a policy of insurance, where the survey referred to in the policy, in the usual manner as a part thereof, is proved to be false and inaccurate, the insured cannot recover, although he did not understand the survey in question to be the one mentioned in the policy.

Accordingly, a charge that, in such a case, *unless the parties intended* the same survey as, and understood it to be, the one in fact named in the policy, the minds of the parties never met as to the conditions and warranties

contained in such survey, but did meet as to the contract of insurance, and the plaintiff could recover thereon without regard to any conditions contained in the survey,—*Held*, error.

(Argued February 17th, and decided February 28th, 1871.)

AN appeal from a judgment of the General Term of the Supreme Court in the second judicial district, affirming the judgment entered at the Dutchess county circuit for the plaintiff.

The action was brought to recover on a policy of insurance, whereby the plaintiff's paper-mill, machinery, etc., were insured to the amount of $2,000 in defendant's company.

On the 5th day of June, 1861, the plaintiff effected the insurance in question, as follows: " $1,233.75 on their part one and part two story frame building, with additions attached, including water-wheels therein, and occupied as a paper-mill, situated in Rhinebeck, Dutchess county, *as per survey No.* 280, *filed in the office of the Park Insurance Company, New York*, and $766.25 on their fixed and movable machinery, etc."

The defence was an alleged breach of warranty contained in survey No. 280.

The plaintiff claimed, and attempted to prove, that survey or paper marked "D," or No. 280, put in evidence, never was designed or intended by either party, and was not in fact the survey No. 280 mentioned in the policy in suit. He also attempted to show that the paper, No. 280, was drawn up by one Phillips, an agent of the defendant.

The court charged the jury that one of the principal questions in the suit was, whether the application and survey (280) was the application or survey upon which the policy of the defendant was issued; that, if the paper 280 was intended and agreed to be a part of the policy in the present case, then, in case the facts were not as therein stated, the plaintiff could not recover. " You are to determine, as a question of fact, whether the condition was annexed to the policy, and was so understood by the parties, or not. If not so understood by

both parties, then I charge you that, though their minds met in the issuing of a policy of insurance, they did not meet in the annexing of conditions which would destroy it, and the plaintiffs will yet be entitled to recover."

The defendant's counsel requested his honor to charge, " if the defendant supposed the paper 280 was the survey and application on which the policy was issued, and the plaintiffs did not, then there was no contract, and the plaintiffs cannot recover;" which his honor refused to charge.

The jury found a verdict for the plaintiffs for $2,066.11, the amount claimed in the complaint.

*John Thompson*, for the appellant, cited 2 Den., 75; 25 Barb., 497; 2 Comst., 43: 6 Wend., 494; 3 Seld., 370; 3 Dow., 255; 15 N. Y., 496.

*Homer A. Nelson*, for the respondents, cited *Rowley* v. *The Empire Ins. Co.* (36 N. Y., 550); *Plumb* v. *Cattaraugus Ins. Co.* (18 N. Y., 392).

GROVER, J. From that portion of the charge excepted to by the defendant's counsel, and from the refusal to charge as requested, the jury must have understood the court as charging that the plaintiffs were entitled to recover, although the survey 280 was upon file in the office of the Park Company, and was the paper referred to as the survey in the policy issued by the defendant, upon which the action was brought; unless they further found that it was so understood by both parties, that, in case it was not so understood by both, the minds of the parties met in issuing a policy of insurance, but they did not meet in the annexing conditions which would destroy it, and, therefore, the former would be valid, and the latter void. This was erroneous. There was but a single entire contract between the parties. This was a policy of insurance upon the property, upon the terms and conditions therein expressed. The policy refers to survey No. 280, filed in the office of the Park Insurance Company, as the survey and description of

the property insured; and the conditions attached to the policy make this a part thereof, and a warranty of the truth of the statements therein made. If the defendant issued the policy, incorporating therein this paper as a part of the contract, by a reference thereto, this part cannot be rejected, and the residue upheld, upon the ground that the plaintiff, when he received the policy, supposed that it was another and a different paper, which had been filed in the Park office to which reference was made in the contract. From aught that appears in the case, the latter was the sole ground upon which the verdict was rendered by the jury. The question, whether this paper, No. 280, was on file in the Park Company's office, and was the survey referred to in the policy, as claimed by defendant, was not submitted to the jury in a way to make their finding upon that the basis of their verdict; but the question really submitted was, whether the plaintiff supposed this was the paper, with instructions to find in his favor, in case he supposed it was not. Had the former been the question submitted, with instructions to find for the plaintiff in case the jury found that the paper, No. 280, was not on file in the Park office, and the one referred to in the policy, a different question would have been presented. The rights of the parties, upon such a state of facts, were determined by this court in *Le Roy* v. *The Park Insurance Company* (39 N. Y., 90). The counsel for the respondent insisted that, as it appeared from the evidence that Phillips, the agent of the defendant, drew paper No. 280, the defendant was thereby estopped from contradicting the facts therein stated, and that he could not, therefore, have been prejudiced by the charge excepted to, if erroneous. If the counsel is right in the premises, he is in the conclusion, as the only defence relied upon was that the warranty contained in paper 280 was broken. *Rowley* v. *The Empire Insurance Company* (36 N. Y., 550), is relied upon as the authority showing that the defendant was estopped. This might be answered by the fact that the evidence was somewhat conflicting as to the extent of Phillips' and the plaintiff's acts in making that paper, and that,

therefore, the facts should have been submitted to the jury. But the real answer is, that Phillips was not, at the time, acting as the agent of the defendant, in any possible sense, in regard to this paper. It was not made with any reference to any policy issued or to be issued by the defendant. The case of *Rowley* v. *The Empire Insurance Company*, if correctly decided, is not applicable to this case.

The judgment appealed from must be reversed, and a new trial ordered; costs to abide event.

All the judges concurring,

Judgment reversed, and new trial ordered.