The First National Bank of Ballston Spa, Appellant, v. The President and Directors of the Insurance Company of North America, Respondents.

In a survey which was referred to and made a part of a policy of fire insurance upon a paper mill, this inquiry was made, "Watchman: Is one kept in the mill or on the premises during the night and at all times when the mill is not in operation, or when the workmen are not present?" Answer: "Yes." On the day previous to the destruction of the property by fire, the personal property in the mill was levied upon by the sheriff, by virtue of an execution against the assured. The sheriff excluded the employes from the mill, took the keys and locked up the building. The deputy sheriff and one of the trustees of the assured remained in the office of the mill, about two rods from it, during the night, up to the time of the discovery of the fire, which occurred about 4 A. M., but they did not keep watch. In an action upon the policy,— *Held*, that the question and answer in the survey constituted a warranty, that the levy did not excuse from the obligation to perform it; that the deputy sheriff and trustee were not to be regarded as watchmen within the meaning of the policy, and that there being a breach of the warranty, plaintiff was properly nonsuited.

(Argued June 7, 1872; decided June 20, 1872.)

Appeal from judgment of the General Term of the Supreme Court, affirming a judgment entered upon a nonsuit, directed upon trial at circuit. (Reported below, 5 Lans., 203.)

The action was brought to recover upon a policy of insurance issued by defendants, to the Pioneer Paper Company for one year, dated 18th December, 1868, and payable to the First National Bank of Ballston, to the extent of any claim or notes the bank may hold against the company. The following was the description of the property insured: "Five hundred dollars on their stone and frame paper mill, with slate, cement and shingle roof, situate on the Kayaderosseras, near West Milton, in the town of Milton, Saratoga county, N. Y. Reference being had to survey No. 86, on file in this office, which is hereby made a part of this policy, and $2,500 on fixed and movable machinery and fixtures, shafting, gear-

ing, belting, piping, and rotary and steam boilers contained therein."

The policy provided, that "if any application, survey, plan or description of the property herein insured is referred to in this policy, the same shall be considered a part of this contract and a warranty by the assured; and if the assured shall make any false representation as to the character, situation or occupancy of the property, or conceal any fact material to the risk, either in a written application or otherwise,   *   *   * this policy shall be null and void." The survey contained the following question and answer:

"27. Watchman—Is one kept in the mill or on the premises during the night, and at all times when the mill is not in operation, or when the workmen are not present?" "Yes."

The property was destroyed by fire on the 4th of March, 1869. Other facts appear in the opinion. At the close of the testimony defendants' counsel moved for a nonsuit, which was granted.

*W. A. Beach* for the appellant. By operation of law the sheriff was substituted as watchman and the warranty substantially performed. (*Niblo* v. *Binsse*, 44 Barb., 54; S. C., 1 Keyes, 476; *People* v. *Bartlett*, 3 Hill, 570; *Jones* v. *Judd*, 4 N. Y., 441; *Baker* v. *Johnson*, 42 id., 126.) The warranty as to storing straw was not broken. (*Smith* v. *Mechanics' Ins. Co.*, 29 How. Pr. R., 384; *Harper* v. *Albany Mut. Ins. Co.*, 17 N. Y., 194, 198; *Hoffman* v. *Ætna Ins. Co.*, 32 id., 405, 410, 414; *Yates* v. *Madison Ins. Co.*, 5 id., 469; *Farmers' Ins. Co.* v. *Snyder*, 16 Wend., 481; *Rowley* v. *Empire Ins. Co.*, 36 N. Y., 550.) A wrongful or actual levy as to personal chattels would not avoid a policy of insurance on the ground of the termination of the interest of the insured when he retained possession. (*Phœnix Ins. Co.* v. *Lawrence*, 4 Metc. [Ky.], 9; *Phila. Ins. Co.* v. *Mills*, 44 Penn., 241; *Wood* v. *Colvin*, 5 Hill, 228.) The court erred in rejecting proof as to the purposes of and the instructions to the officer in making the levy. (*Mickles* v. *Hart*, 1 Den.,

548; *Armstrong* v. *Dubois*, 4 Keyes, 291.) The policy was not avoided by omitting to refer to the judgments or reality in the answer as to incumbrances. (*Rowley* v. *Empire Ins. Co.*, 36 N. Y., 550.)

*A. J. Parker* for the respondents. The survey being a part of the policy, any misstatement as to the character, etc., of the property is a warranty and avoids the policy. (*Le Roy* v. *Market Ins. Co.*, 39 N. Y., 90; approved, 45 N. Y., 80; *Ripley* v. *Ætna Ins. Co.*, 30 id., 136.) The property being levied upon by the sheriff, the policy became void. (*Rodgers* v. *Bonner*, 55 Barb., 9; *The Springfield Co.* v. *Allen*, 43 N. Y., 389.) There being judgments on the realty, the warranty was broken as to incumbrances. (*Egan* v. *Mut. Ins. Co.*, 5 Den., 326; *Somerset Ins. Co.* v. *McAnally*, 46 Penn., 41.) Parol evidence cannot be received to explain or alter any of the provisions of the policy. (*Ripley* v. *Ætna Ins. Co.*, 30 N. Y., 136; *Mayor* v. *Brooklyn Ins. Co.*, 41 Barb., 351; *La Motte* v. *Hudson River Ins. Co.*, 17 N. Y., 199; *N. Y. Gas-light Co.* v. *Mech. Co.*, 2 Hall, 108; *Jennings* v. *Chenango County*, 2 Den., 75; *Alsten* v. *Mechanics' Co.*, 4 Hill, 329; *Ill. Mut. Ins. Co.* v. *O'Neile*, Ill., 89; *Hovey* v. *Am. Mut. Co.*, 2 Duer, 554; *Glendale* v. *Protec'n Co.*, 21 Conn., 19.) The burden of proving compliance with an express warranty rests upon the assured. (*McLoon* v. *Commercial Ins. Co.*, 10 Mass., 472.) The agent who issued the policy, being at the time an agent of plaintiff, the policy was void. (*Bentley* v. *Col. Ins. Co.*, 17 N. Y., 423; *N. Y. Central* v. *Protection Ins. Co.*, 14 id., 85; *Rett* v. *Washington*, 41 Barb., 353; *Utica* v. *Toledo*, 17 id., 132.)

Grover, J. Where a fire policy refers to a survey and declares that it shall constitute a part of the policy, the statements therein contained in regard to the situation, use and care of the property are to be regarded and construed as warranties. (*Le Roy* v. *The Market Ins. Co.*, 39 N. Y., 91; *Same Case*, 45 N. Y., 80; *Ripley* v. *The Ætna Ins. Co.*, 30 N. Y.,

136.)  To produce this effect, the policy must not only refer to the survey, but it must be made a part of it, otherwise the statements contained therein will be construed as representations and not as warranties.  (*The Farmers' Ins. and Loan Co.* v. *Snyder*, 16 Wend., 481.)  Failure to comply with a warranty will bar a recovery in case of loss, whether the loss was caused by such failure or not.  (*Cases, supra.*)  In the present case the survey is made part of the policy.  In the survey the following inquiry is made: "Watchman. Is one kept in the mill or on the premises during the night and at all times when the mill is not in operation or when the workmen are not present?  Ans. Yes."  This statement was promissory, but the rights and duties of the parties were the same under it as though it had been affirmative.  (*Ripley* v. *The Ætna Ins. Co.*, *supra*.)  The proof was, that upon the day previous to the destruction of the property by fire, the sheriff levied an execution against the assured upon the personal property in the mill, and excluded their employes therefrom, took the keys and locked up the building.  The counsel for the appellant insists that this act of the sheriff, being an act that it was his legal duty to perform, must be regarded as the act of the law, and cites authorities showing that when performance of a contract becomes impossible by the act of God or the law, performance will be excused.  The answer to this, in the present case, is that it was the default of the assured in not paying the judgment that caused the issuing and levy of the execution.  The levy does not, therefore, excuse it from the obligation to perform the warranty.  The counsel further insists, that as the deputy sheriff and one of the trustees of the assured remained in the office of the company, a building about two rods from the mill, during the night and until the discovery of the fire, they should be regarded as watchmen within the meaning of the policy.  But the testimony failed to show that they were such, or even so regarded themselves.  That shows that they looked through the building twice in the evening, the last time about eleven o'clock, and then went into the office, laid down and dozed until about

four o'clock, when the deputy sheriff turned over and discovered the mill in flames, the fire being so extensive as to render all attempts to save the building and property hopeless. It is clear that these persons never undertook with the assured to act as watchmen, and consequently incurred no liability to it for negligence in the performance of the duties of such employment. In case of a recovery in the action, the defendant would have no right by subrogation to any remedy against them upon that ground. This shows that they were not watchmen within the meaning of the warranty. The evidence shows a pretty clear case of negligence in the performance, had they undertaken that duty. The sheriff remained to protect himself from liability incurred by the levy. This made him liable in case the property was stolen, but not for its destruction by fire. What Comstock staid for, the case does not disclose. It does appear that he did not remain as watchman. That is sufficient in this case.

It appearing that there was a breach of the warranty to keep a watchman, the nonsuit was properly granted, and the judgment must be affirmed.

All concur.

Judgment affirmed.