JOHN STEWARD, Respondent, *v.* THE PHŒNIX FIRE INSURANCE COMPANY OF BROOKLYN, Appellant.

*Policy of insurance — survey — reference to, in policy — effect of.*

Where a policy of insurance provided, that "when a policy is made and issued upon a survey and a description of certain property, such a survey and description shall be taken and deemed to be a part and portion of such policy and warranty on the part of the assured," and the policy described the property as "known as the Mackford Mills, per survey No. 18,611, filed in the office of the People's Insurance Company, N. Y.:" *held*, that such survey was not merely referred to for a description of the property, but constituted the basis of the insurance contract.

*Clinton* v. *Hope Ins. Co.* (45 N. Y., 454) distinguished.

APPEAL by defendant from a judgment entered on the verdict of a jury, in an action brought upon a policy of insurance issued by the

defendant to the plaintiff. The question raised on this appeal related to the exclusion by the court of a survey of the insured property.

*Alvin C. Bradley*, for the appellant. The court erred in excluding the survey. Commonly, all that is done is to transcribe a few words of the description, such as the kind of building, name of place, sort of business carried on, and then to refer to the survey, as on file at a specified office, by its number. (*Le Roy* v. *Merchants' Insurance Co.*, 39 N. Y., 90; S. C., 45 id., 80, Grover, J.) The policy refers to the survey filed, as the survey and description of the property insured, and the conditions attached to the policy make this a part thereof, and a warranty of the truth of the statements therein made. (45 N. Y., 82; *First National Bank* v. *North America Ins. Co.*, 50 id., 47; *Ripley* v. *Ætna Ins. Co.*, 30 id., 136; *Ruse* v. *M. B. L. Ins. Co.*, 23 id., 516, 519, 520; *Burritt* v. *Saratoga M. F. Ins. Co.*, 5 Hill, 188; *Egan* v. *M. Ins. Co.*, 5 Denio, 326.) Since the survey was a part of the policy, the plaintiff should not have been allowed, against the defendant's objection, to read a part of the policy in evidence, without producing the rest. In *Ripley* v. *The Etna Ins. Co.* (30 N. Y., 136), the plaintiff introduced the survey.

*Waldo Hutchins*, for the respondent. The survey is not made part of the policy. It is not stated in the policy that it (the policy) is made and issued upon such survey, as by the thirteenth condition of insurance it should have been stated, if the defendants had purposed to rely upon said survey, as a warranty, and to make it a part of the contract of insurance. The survey is referred to only to designate the name of the mills assured, "and known as the 'Mackford Mills,' per survey, etc." If the clause of a policy of insurance be obscure, or if it be capable of two constructions, that must be adopted which is most favorable to the insured. (*Hoffman* v. *Ætna Ins. Co.*, 32 N. Y., 413, and cases there cited; *Western Ins. Co.* v. *Cropper*, 32 Penn., 350.) There is no evidence that the assured had even knowledge that the survey was in existence, except such information as he had by reason of the reference to it contained in the policy. If the company had, under the circum-

stances of this case, intended that the survey should form a part of the contract, they should have said so, in plain and unequivocal language. Not having done so, it cannot now invoke the assistance of this court to avoid the contract, by the inference that the parties intended the survey should form a part of the contract. To do so in this case would be to reverse the rule, that every intendment is to be made against a construction of a contract under which it would operate as a snare. (*Clinton* v. *Hope Ins. Co.*, 45 N. Y., 454, 462, 463, 464.)

DANIELS, J.:

The verdict on which the judgment appealed from was entered, was directed by the court for the sum unpaid on a policy of insurance issued by the defendant to the plaintiff on his flouring mill, situated at Mackford, in Marquette county, Wisconsin. It appears that the plaintiff applied for insurance in the People's Insurance Company of New York, and for that purpose a survey was presented to and filed with that company. It did not issue the insurance applied for, itself, but took $2,000 of the amount and procured a policy for the same amount from the defendant, and another for a like amount from a third company. But all the policies were accepted and received by the plaintiff. That which was issued by the defendant contained the statement that it insured the plaintiff " against loss or damage by fire to the amount of $2,000, on his four-story stone building, thirty by sixty feet, shingle roof, and on fixed and movable machinery therein, occupied as a flouring mill, situated at Mackford, Marquette county, Wisconsin, and known as the Mackford Mills, per survey No. 18,611, filed in the office of the People's Insurance Company, New York." By the thirteenth condition of insurance attached to the policy, it was declared that, " when a policy is made and issued upon a survey and a description of certain property, such a survey and description shall be taken and deemed to be a part and portion of such policy and warranty on the part of the assured." And the policy contained the clause that it was " made and accepted in reference to the terms and conditions hereto annexed, which are to be used and resorted to in order to explain the rights and obligations of the parties hereto, in all cases not herein otherwise specially provided for."

The survey referred to in the policy was produced upon the trial, and the defendant's counsel proposed to prove that it was taken by a person connected with the People's Insurance Company of New York, and by him shown to the secretary of the defendant, who was requested to issue a policy upon it, and that, pursuant to that request, the policy was made out and issued, and that it was done on that survey only. It was conceded that it was not expected to connect the plaintiff with the statement, and thereupon the court rejected the evidence, and the defendant's counsel excepted. The survey referred to in the policy was then offered in evidence by the defendant's counsel, and excluded by the court, and to the decision so made the defendant's counsel excepted. The survey seems to have been excluded upon the construction that the reference was made to it in the policy, only for the purpose of securing a definite description of the property insured. But as the preceding part of the policy contained a complete description of the property before any reference to the survey was made, that construction cannot be sustained. The clause in the policy required a broader construction in order to secure the effect for it which the ordinary import of the words made use of indicated to be intended by it, and that was, that the defendant insured the plaintiff against loss by fire to the property described, per survey No. 18,611, filed in the office of the People's Insurance Company, New York; not merely that it was as described in that survey, but that the insurance was based upon it, and that construction is confirmed by the condition referred to which made the survey a part of the policy and a warranty of the truth of its statements. The case in this respect does not appear to be capable of any substantial distinction from that of *Le Roy* v. *Market Ins. Co.* (39 N. Y., 90), where it was held that a similar reference and condition rendered the survey a part of the policy. And that principle was reaffirmed, in the same case, on another occasion, by the same court. (45 N. Y., 80; see, also, *Ripley* v. *Ætna Ins. Co.*, 30 id., 136.)

The case of *Clinton* v. *Hope Insurance Company* (45 N. Y., 454) is relied upon, in favor of the plaintiff, as an authority establishing a different principle. But it does not conflict with the other cases referred to upon this subject; for, although the policy which was there under consideration mentioned the survey of the prop-

erty as being on file in the office of its agent at Utica, the condition, declaring the survey to be a part of the policy, described the one it referred to as being on file in the office of the company, and that was at Providence, in Rhode Island. No survey was on file in that office, and consequently none was made a part of the policy. The present case affords no such avenue for escape from the construction already indicated. The policy and its conditions form but one instrument or contract, and by it the intention was clearly shown that the survey on file in the office of the People's Insurance Company should form a portion of the agreement made for the insurance of the plaintiff's property, and that was entirely consistent with his object and design in making the survey itself; for, apparently, it was supplied and furnished as a basis of insurance to the amount of $6,000, and it was used to accomplish that object, not precisely as it was expected to be, by a policy for the entire amount from the People's Insurance Company, but by three, aggregating that amount, issued on the faith of the statements contained in the survey. And by the acceptance of the policies, the plaintiff ratified the departure so made from the original plan of insurance.

It was error to exclude the evidence and survey offered by the defendant, and for that the judgment should be reversed and a new trial ordered, with costs to abide the event.

Davis, P. J., and Lawrence, J., concurred.

Judgment reversed and new trial ordered, costs to abide event.