WORMSER v. GENERAL ACCIDENT ASSUR. CORP., Limited.

(Supreme Court, Appellate Division, First Department. May 6, 1904.)

1. BURGLARY INSURANCE—POLICIES—CONSTRUCTION—LIMITATION OF LIABILITY.

A burglary insurance policy described, in "Item A," certain articles of jewelry, wearing apparel, etc., and contained a proviso that "the liability of the corporation to the assured for loss on jewelry and precious stones, shall not exceed, under policies of this corporation, separately or together, the sum of one thousand dollars of the insurance attaching specifically to Item A." By special agreement annexed to the policy, it was further provided that the company should not be liable "for loss in excess of two hundred and fifty dollars on any one article unless otherwise endorsed on this policy." Held, that the first quoted clause, whatever its construction standing by itself, must be read with the second, which operated to limit the liability of the corporation to the sum of $250 on any one article of jewelry.

Controversy submitted on agreed facts by Maurice S. Wormser against the General Accident Assurance Corporation, Limited. Judgment rendered.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

James P. Lee, for plaintiff.
L. Hollingsworth Wood, for defendant.

INGRAHAM, J. On the 28th day of November, 1902, the defendant issued its policy, whereby, in consideration of the sum of $36.50 premium paid by the plaintiff, the defendant agreed to indemnify the plaintiff to an amount not exceeding $6,000 for the term of 12 months from the 2d day of December, 1902, at noon, to the 2d day of December, 1903, at noon, against direct loss by burglary, larceny, or theft on any of the property described in the schedule, which was a part of the policy, occasioned by its felonious abstraction from the house, building, apartments, or rooms actually occupied by the assured, and described in the said schedule, caused by any domestic servant or other employé of the assured, or by any person or persons unlawfully in or upon the premises, and against direct loss by damage to the said property and to the said premises caused by burglars or thieves. The description of this property in the schedule is as follows: "(1) Item A, $6,000 on Gold and Sterling Silverware, Watches, Jewelry, Wearing Apparel, Furs, Laces, Rugs," etc., with the following proviso: "The liability of the corporation to the assured for the loss on jewelry

and precious stones, shall not exceed, under policies of this corporation, separately or together, the sum of one thousand dollars of the insurance attaching specifically to Item A." By a special agreement annexed to this policy it was further provided that the company shall not be liable "for loss in excess of two hundred and fifty dollars on any one article unless otherwise endorsed on this policy." It was also stated in the submission that on or about the 6th day of February, 1903, and during the time when the said policy was in force, "a certain jeweled scarf pin, the property of the plaintiff, worth the sum of about five thousand ($5,000) dollars, was taken by burglary, larceny, or theft from the house" specified in the policy, No. 14 East Sixty-Second street, New York City; that the defendant company admits its liability to the plaintiff, under said policy of assurance, in the sum of $250, by reason of the facts stated, but the defendant alleges that it is under no further liability whatsoever; that the plaintiff claims that the defendant company is liable to him under said policy of assurance, by reason of the facts stated, in the sum of $1,000, no part of which has been paid, although demand therefor has been duly made. The plaintiff therefore demands judgment against the defendant in the sum of $1,000, with interest from February 6, 1903, with costs.

The question thus presented is whether the defendant is liable upon this policy for $250, or $1,000, on account of the loss by the plaintiff of a jeweled scarf pin worth about the sum of $5,000. The defendant had agreed to insure the plaintiff against direct loss by burglary, larceny, or theft to the amount of $6,000 on various articles, including jewelry and precious stones. Then, to limit its liability, it was provided that "the liability of the corporation to the assured for the loss on jewelry and precious stones, shall not exceed, under policies of this corporation, separately or together, the sum of one thousand dollars of the insurance attaching specifically to Item A." Whether the words "separately or together" applied to "jewelry and precious stones," or "under policies of this corporation," is not entirely clear. The corporation had issued but one policy to this plaintiff, but the words of the policy would seem to apply to a case where several policies had been issued. The plaintiff claims that, by reason of the comma after the word "corporation," the grammatical construction of the sentence requires that the words "separately or together" should apply to a loss on jewelry and precious stones, as if the clause read, "The liability of this corporation to the assured for the loss on jewelry and precious stones, separately or together, shall not exceed, under policies of this corporation, the sum of one thousand dollars." Yet, assuming that this was the construction to be given to this clause, the policy would seem to place in a separate class "jewelry and precious stones," and provide that the liability of the corporation for the loss on jewelry and precious stones, separate or together—that is, whether the precious stones were a part of the jewelry or separate therefrom— was not to exceed $1,000, and this clause then must be read in connection with the special agreement that the corporation shall not be liable "for loss in excess of two hundred and fifty dollars on any one article unless otherwise endorsed on this policy." So, assuming that

the construction should be that claimed by the plaintiff, it would seem that the policy limits the liability of the corporation to the sum of $250 on any one article of jewelry. There seems to be no construction that can be given to this instrument, if force is to be given to both of these clauses, that would impose a liability upon the defendant in excess of $250.

It follows that the plaintiff is entitled to judgment for $250 and interest from February 6, 1903, with costs. All concur.