Instead of so disposing of plaintiff's claim, he rendered a judgment which on its face is an adjudication of plaintiff's alleged cause of action upon the merits.

As to defendant's counterclaim, the form of the judgment raises the presumption that upon it judgment was given against the defendant; but, since the record does not make clear just what considerations induced the judgment, I am of opinion that a new trial of all the issues involved should be had.

The judgment appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

---

(129 App. Div. 433.)

### DONALDSON v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

MASTER AND SERVANT (§ 124*)—INJURIES TO SERVANT—DEFECTIVE APPLIANCES—INSPECTION.

>Plaintiff was injured in a street car collision by the breaking of a link in the equalizing brake chain of the colliding car. It was inspected generally once a week, and as to the electric equipment every 24 hours. It also appeared that the break was probably due to an unusual strain from the motorman's running the car over a curve with the brake set. An inspection of the link after the accident did not disclose that it was worn or defective. *Held,* that defendant was not negligent in failing to apply a test which plaintiff's expert claimed should be applied to all cars before permitting them to leave the barn, which test was not shown to have ever been applied by any surface railroad in the practical operation of its cars.

>[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 124.*]

>Hooker, J., dissenting.

Appeal from Trial Term, Kings County.

Action by Samuel Donaldson against the Brooklyn Heights Railroad Company. From a judgment dismissing the complaint at the close of his evidence, plaintiff appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Frank Harvey Field (G. Burchard Smith, on the brief), for appellant.

D. A. Marsh, for respondent.

WOODWARD, J. The plaintiff was a conductor on one of the defendant's street cars in May, 1904, and while engaged in the discharge of his duties was caught between his car and a car following it, sustaining serious injuries. The complaint alleged negligence on the part of the defendant in the employment of one Casey, the motorman on the colliding car, knowing him to be incompetent, and that it was negligent, in that it—

"furnished and supplied the car on which said Thomas Casey was a motorman in a defective, improper, and unsafe condition, because the machinery thereof was in such a condition that the same could not be readily stopped, or stopped with reasonable expedition; the brakes, gearing, and machinery being

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

old, worn, defective, and out of repair, as was well known to said defendant long prior to the happening of the accident hereinafter mentioned."

The answer denied these allegations, and upon the trial it was not attempted to be shown that Casey was incompetent, so that the case depended entirely upon the plaintiff being able to show that the defendant was negligent in providing the car with suitable appliances, in proper condition, for controlling the car. The plaintiff's own witnesses showed that the car was properly equipped, and that it carried the standard equipment of one of the responsible companies furnishing these equipments; and the evidence established that the accident resulted because of the parting of a welded link in the equalizing chain of the brake mechanism, and that an inspection of this link, after the accident, did not disclose a worn or defective condition, or anything which on a reasonable inspection would have led any one to anticipate that it would not stand the strain put upon it in the ordinary use. The car had been overhauled at the shops within one month of the time of the accident. It was shown that it was inspected generally once each week, and that the electrical equipment was inspected every 24 hours, and the only possible foundation for the plaintiff's case rests upon his expert, who testified to a test which he claimed should be applied to all cars before leaving the barn; but it was not shown that any such test had ever been applied by any surface railroad in the practical operation of its lines upon the streets of a city, and it would be holding the defendant to a degree of care unknown to the law to hold that it was guilty of negligence because it had failed to apply a test which was suggested after the accident had happened, and which was not shown to have been found necessary in any practical operation of surface cars anywhere in the country.

It is always comparatively easy, after an accident has happened, to show how it might have been avoided, but the test of negligence is what reasonably prudent men would or should have done, in view of all the known facts prior to the accident; and, tried by this test, the plaintiff has clearly failed to establish negligence on the part of the defendant in the equipment of this car, or in its inspection. So far as the evidence goes, and it is all from the plaintiff's witnesses, the car was properly equipped. It had just come out of the shop after an overhauling. It was regularly inspected once each week, and the link of the chain which parted did not show any signs to indicate that it had any defects; nor is it at all certain that even the test which the plaintiff suggests would have discovered the weakness, for it appears that the accident was due to the negligence of Casey in running his car over a curve with the brake set, which put such a strain upon the chain as it was not intended to bear, and this is the probable cause of the break, and not the application of the brake in the ordinary effort to stop the car. But in any event the plaintiff failed to bring out actionable negligence on the part of the defendant, and the complaint was properly dismissed.

The judgment appealed from should be affirmed.

Judgment affirmed, with costs. All concur, except HOOKER, J., who dissents.