WILLIAM C. GOLDNER, Respondent, *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant.

First Department, June 18, 1929.

*William J. McArthur*, for the appellant.

*Abraham N. Levy*, for the respondent.

PROSKAUER, J. Plaintiff conducted a jewelry store on Sixth avenue in New York city. He occupied the street floor and the second floor. On either side of the Sixth avenue entrance there was a plate glass show window about ten feet square. In these windows the plaintiff displayed his wares. On December 18, 1926, the plaintiff heard a crash of glass, ran to the front of his store, saw the entire show window broken and a man standing with his head and shoulders through the broken window. The plaintiff seized a revolver, pointed it at the malefactor, who in turn struck the plaintiff's hand with a hammer, knocked the pistol therefrom, then picked up a tray of diamond bracelets exposed in the show window, withdrew it to the street through the aperture in the broken plate of glass and fled.

Plaintiff's recovery for the loss thus occasioned is challenged by reason of the following term in the policy: " Exclusions — D.

The Company shall not be liable for loss or damage * * * occasioned by the abstraction of property from a show window in the premises by any person or persons who shall have broken the glass in any of such show windows from outside the premises." This property was abstracted from a show window by a person who, standing on the sidewalk outside of the premises, broke such show window. Robbery is defined in the policy as follows: " A felonious and forcible taking of property by violence inflicted upon a custodian; or by putting him in fear of violence; or by an overt felonious act committed in the presence of a custodian and of which he was actually cognizant." And the plaintiff insists that by reason of this definition he can recover because the act of the robber in striking the pistol from his hand constituted the robbery one by violence inflicted upon a custodian. Undoubtedly, if this clause stood alone, the plaintiff could recover. But it is distinctly modified by the subsequent section of the policy headed " Exclusions " which has been heretofore quoted. The defendant was to be liable for robbery occasioned by a violence inflicted upon a custodian, but not for abstraction of property through a show window. There was a special hazard as to jewelry in a show window from which it might be stolen from the street after breakage of the glass. The fair intendment of the policy was that the defendant assumed no liability for this special hazard.

For these reasons the judgment appealed from should be reversed, with costs, and judgment directed for the defendant, with costs.

Dowling, P. J., Merrell and McAvoy, JJ., concur; Finch, J., dissents.

Judgment reversed, with costs, and judgment directed to be entered in favor of defendant dismissing the complaint, with costs.