FAREED J. NASEEF, Respondent, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

Fourth Department, November 12, 1930.

*Roy P. Ohlin,* for the appellant.

*Elijah W. Holt,* for the respondent.

PER CURIAM. The policy on which plaintiff has recovered insured plaintiff in certain sums against the results of bodily injuries sustained while the policy was in force and " caused directly and independently of all other causes by violent and accidental means." The policy also contained a clause to the effect that the policy should not " cover accident, injury, disability, death or other loss caused wholly or partly by disease or bodily or mental infirmity or medical or surgical treatment therefor, or by hernia, or by ptomaine or any kind of infection whether suffered accidentally or otherwise (excepting only septic infection of and through a visible wound accidentally sustained)." In the night of July 14, 1928, plaintiff fell when arising from his bed and the next morning was found to be paralyzed and radiographs disclosed a comminuted fracture of the fifth cervical vertebra, and later· radiographs disclosed a condition of the third and fourth vertebræ which physicians testified also indicated a fracture of each of these. During the two months previous to this fall, plaintiff had been suffering from pains in his neck and head, from a low degree of fever and from marked weakness. He had consulted four physicians and two sets of X-ray photographs had been taken by different practitioners, both sets showing a pathological condition of the fifth cervical vertebra, an involvement of the bony structure of the vertebra itself. There may be doubt as to what the nature of the disease of this bone was, but that it was disease and bodily infirmity within the meaning of the policy is clear. The condition bears no resemblance to that discussed in *Silverstein* v. *Metropolitan Life Ins. Co.* (254 N. Y. 81). We have searched the record and find no substantial evidence that this condition of disease and bodily infirmity did, not contribute to the plaintiff's disability. The physicians sworn by the plaintiff, although testifying in answer to hypothetical questions that the fall was the cause of the resulting paralysis and disability, were not interrogated upon hypotheses containing the

undisputed disclosures of the radiographs taken before the fall. On the other hand, two physicians who attended plaintiff before the accident gave definite opinions that the disease had weakened the vertebra and thus contributed to the disability.

Under these circumstances the judgment and order should be reversed on the law and the facts and a new trial granted, with costs to the appellant to abide the event.

All concur. Present — SEARS, P. J., CROUCH, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event.