JOHN CHRISTIAN, as Administrator, etc., of MINNIE CHRISTIAN, Deceased, Respondent, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

Fourth Department, October 6, 1937.

*Mason O. Damon,* for the appellant.

*Milton A. Rabow,* for the respondent.

PER CURIAM. The plaintiff in this case cannot recover if the death of the insured was " contributed to, directly or indirectly, or wholly or partially, by disease, or by bodily or mental infirmity." It is undisputed that the insured had suffered an apoplectic stroke, was paralyzed so that she could not walk without support, and that she had diabetes, arteriosclerosis and myocarditis, each in an advanced stage. The immediate cause of death was hypostatic pneumonia brought on as a result of a fractured femur. Plaintiff's own medical expert testified (without its being disputed) that " myocarditis  *  *  *  will add to or hasten hypostatic congestion," and that both the arteriosclerosis and the myocarditis were diseases, and " hastened her death," and were " contributing causes to her death." This evidence, given on behalf of the plaintiff, brings the case squarely within the limitation contained in the policy, where it says: " No accidental death benefit will be paid  *  *  *  if death is caused or contributed to, directly or indirectly, or wholly or partially, by disease, or by bodily or mental infirmity." (See *McMartin* v. *Fidelity & Casualty Co.,* 264 N. Y. 220; *Naseef* v. *Metropolitan Life Ins. Co.,* 230 App. Div. 610; *Order of United Commercial Travelers* v. *Nicholson,* 9 F. [2d] 7.) The case of *Silverstein* v. *Metropolitan Life Ins. Co.* (254 N. Y. 81) is clearly distinguishable.

All concur, TAYLOR, J., not voting. Present — SEARS, P. J., EDGCOMB, CROSBY, LEWIS and TAYLOR, JJ.

Judgment of the Supreme Court reversed on the law and judgment of the City Court of Buffalo affirmed, with costs in this court and in the Special Term.