WILLIAM GUARISCO, Plaintiff, *v.* MASSACHUSETTS BONDING AND INSURANCE COMPANY, Defendant.

City Court of New York, Special Term, Kings County, May 20, 1938.

*Benjamin R. Leinhardt,* for the plaintiff.

*Albert J. Rifkind,* for the defendant.

RUSSELL, J. The actions are by an assignee of an assured on a policy covering loss of a payroll by robbery. The facts are not in dispute. The money constituting a payroll was stolen at point of firearms, when plaintiff assignor's auto had arrived at its garage upon return trip from a bank. Such money was contained in two envelopes, both of which were concededly upon and taken from the person of one Frank Scoparano, who upon such trip was accompanied by one Rose Stillman, a bookkeeper for the assignor's firm. The policy as originally issued might have covered this loss, but it was later changed in effect and amount of coverage by a rider attached thereto effective prior to date of the loss sued upon, which reads, as far as material hereto: " Coverage is now carried under insurance Clause A, Section B — *accompanied by at least one guard.*" (Italics mine.) Clause A, under heading " General Provisions," reads, as may be material: " 1. Robbery, within the meaning of this policy, is limited to a felonious and forcible taking of property; (b) By putting such custodian or custodians in fear of violence."

It is not contested but that there was a robbery within the terms of the policy. The issue raised is as to the meaning of the terms " Custodians " and " Guard " and the legal effect of such as to the facts involved. Under " Clause A — General Provisions " occur the following definitions: " 4. Custodian, within the meaning of this policy, is limited to either the assured or a person in the assured's employ, not less than 17 years of age and not over 65 years of age, and authorized by the assured, to act as the assured's messenger, paymaster, collector, cashier, or clerk, *and while so acting to have in his actual care and custody property covered under this policy.*" Also: " 5. Guard, within the meaning of this policy, is limited to any *male* person not less than 17 years of age and not more than 65 years of age accompanying the custodian by the direction of the assured, and not a driver of any public conveyance." (All italics mine.) The defendant contends that by virtue of the foregoing, in order to predicate liability upon it under the policy terms, it was essential that the payroll be, at the time the loss was incurred, in the actual care and custody of a custodian as defined in the policy. Further, that in this instance the female bookkeeper was the individual to be classified as the custodian, and the male, who drove the auto, as the guard; that it became and was the duty of such female as custodian to have at all times the actual care and custody of such funds; that it is conceded, after drawing the checks on the bank, she allowed the male guard at time of pay-

ment of same to take in his charge and keep the funds upon his person, where they remained until the robbers obtained from him such moneys. Certainly under the policy term the woman could not act as guard, as it calls for a male person as such. The suggestion that there might be more than one custodian at the time cannot be seriously considered as there were but two actors on part of the plaintiff assignor, and as it was requisite that there be a guard and also a custodian, the two-custodian theory must be abandoned. The plaintiff argues that even though it be conceded that the man be classified as a guard and the woman as a custodian, that even though the guard was in personal possession of the funds, they might still be construed as in the actual care and custody of the woman custodian. The plaintiff in this connection calls attention to the well-known rule of liberal construction of policy terms as regards the assured. With such contention there can be no disagreement. Especially so where a question of ambiguous wording of a policy term be concerned. This construction was recently alluded to by the learned chief judge of the Court of Appeals in his opinion in *Aldrich* v. *New York Life Ins. Co.* (235 N. Y. 214, at p. 223). In construing policy language it is to be such as common thought and common speech would imagine and describe it. (*Abrams* v. *Great American Ins. Co.*, 269 N. Y. 90.) Upon a plaintiff is the burden of establishing affirmatively and by competent evidence a loss which falls within the terms and conditions of the policy. (*Gallin* v. *Allemannia Fire Ins. Co.*, 184 App. Div. 876.) A contract of insurance, like any other contract, should be enforced, if not illegal or immoral. (*Metzger* v. *Ætna Ins. Co.*, 227 N. Y. 411.) The policy of insurance is the sole repository of the agreement between the parties; its terms are not to be disregarded or changed and a court should not create a new or differing contract for the parties. (*Kean* v. *National Surety Co.*, 241 N. Y. 252, 258.) The law will not make a better contract than the parties have seen fit to enter into, or to alter it for the benefit of one party to the detriment of the other. The judicial function of a court is to enforce the contract as it is written. Such rules are applicable to policies of burglary or robbery insurance. (*Smith* v. *Fidelity & Deposit Co. of Maryland*, 98 N. J. Law, 534; 120 A. 322.) The court is unable to perceive any ambiguity in the wording of the policy clauses referred to in this action. Under the policy terms as enlarged by the rider provision it became obligatory on part of assured to provide not only a custodian but also at least one guard to accompany the custodian, latter having actual care and custody of the insured property at time of robbery.

The policy does not cover property in the care or custody of the guard; it expressly limits such to the custodian. Restrictions and limitations on liability may bind an assured and be recognized and enforced. (*Metzger* v. *Ætna Ins. Co., supra; Grady* v. *Concordia Fire Ins. Co.*, 267 N. Y. 177.) Plaintiff also contends that regardless of actual physical care and custody of the payroll by the guard it must on such facts, nevertheless, be considered in the care and custody of the custodian as defined in the policy, or at least in her constructive care and custody. Plaintiff refers to various decisions as supporting such contention, notably *Fox West Coast Theatres, Inc.*, v. *Union Indemnity Co.* (167 Wash. 319; 9 P. [2d] 78). The court finds it unnecessary to review such decisions beyond the statement that in its opinion they are not controlling on the present issue. Sufficient to relate that in the instant case the taking was directly from another than the custodian to whom the custodian had intrusted same. (See *Goldner* v. *United States F. & G. Co.*, 226 App. Div. 560; affd., 252 N. Y. 553.)

The state of facts involved herein may be readily distinguished from a robbery of a payroll from a custodian or in his presence while engaged inside of assured's premises, or where the custodian had been compelled by the thieves to surrender, admit or direct the criminals to a place where she had placed such money for safe-keeping. The contract as drawn specified plainly that any liability by defendant was to be based solely upon a loss of money constituting a payroll from the custodian as defined by the policy. This loss took place outside of assured's premises and from the person of the guard — actual care and custody of the payroll by a custodian is not to be distorted into constructive care and custody. Robbery as defined by the policy clause is limited to a taking from the *actual care* and custody of the custodian. " Actual " is defined by lexicographers, Bouvier, Webster and others to be " something real as opposed to constructive or speculative; something existing in act, fact, or reality." As to binding effect of words of classification in an insurance policy, see *First National Bank* v. *Insurance Co. of North America* (50 N. Y. 45); *Rosenthal* v. *American Bonding Co.* (207 id. 162). Words are never to be rejected as meaningless or repugnant if by any reasonable construction they may be made consistent and significant. In language of Judge Cardozo, " Excision is a ' desperate remedy.' " (*Matter of Buechner*, 226 N. Y. 440.) Language of a contract may not be distorted to create a liability where it is legally non-existent. (*Mack* v. *Rochester German Ins. Co.*, 106 N. Y. 560, at p. 565.)

A court of law cannot be concerned with any alleged hardship or deprivation to one party to a contract in event same be as here-

tofore stated an expression of intent of the parties as to an enterprise which is legal on its face, duly entered upon and clearly expressed. (*Allen* v. *German American Ins. Co.*, 123 N. Y. 6.) It is even held that equitable considerations will not allow an extension of coverage beyond fair intent and meaning of instrument in order to do raw equity and to obviate objections which might have been foreseen and guarded against, even though the contract be a policy of insurance. (*Weinberg & Holman, Inc.*, v. *Providence Washington Ins. Co.*, 254 N. Y. 387.)

There can be no recovery where the loss is not within the policy terms or within any of the exceptions thereof. (*Wormsei* v. *General Accident Assur. Corp.*, 94 App. Div. 213; 9 C. J. 1096.) The court finds that the custodian was not in actual care and custody of this payroll at the time of the loss as required by the policy and that as a result of such non-compliance with the express terms of the policy no liability is established on the part of the defendant insurance company.

Defendant's motion for summary judgment granted. Motion of plaintiff is denied. Submit orders accordingly.