G. Robert Witmer, J.
In this action, tried without a jury, it appears that the defendant duly issued an accident insurance policy to the children attending the Arkport Central School for the school year 1958-1959, and that plaintiff, Timothy Mahany, then five years old, was a pupil attending said school and was insured under said policy. On December 12,1958 plaintiff was injured during a play period at the school by reason of falling on his head. He was taken to a physician who treated him for a head abrasion, for which a charge of $7.50 was made.
It further appears that three years earlier plaintiff had been kicked in the head by a horse and that as a result a metal plate was placed in his forehead. Such plate was in his head at the time of his fall on December 12, 1958, and the plate was dented by reason of the fall. The physician who treated him on that day recommended that he see Dr. Smith, the specialist who originally inserted the metal plate. On December 15 an X ray was taken of plaintiff’s head at a cost of $25, and on December 16, 1958 plaintiff was examined by Dr. Smith who recommended replacing the dented metal plate. This was done in January, 1959 at a cost of $284 for hospital services and $300 for doctor’s *253 services. On removing the original plate at this time, the doctor found a small hematoma thereunder, which cleared up promptly upon replacing the plate.
The policy of insurance upon which this action is brought obligates the defendant to pay plaintiff for “ loss resulting and independently of all other causes from accidental bodily injuries ”. Plaintiff seeks to recover all of the above-mentioned expenses. Defendant acknowledges that plaintiff was covered by the policy, that he sustained an accident within the terms of the policy, and that defendant received due notice of the accident. It contends, however, that the only loss under the policy for which it is liable is the medical expense incurred in treating the abrasion suffered by plaintiff. It admits that such injury was within the terms of the policy but contends that the dent in the metal plate is not covered thereby because of the contract provision, to wit, “ independently of all other causes ”.
In considering the merits of this ease we must observe at the outset that the action is upon a contract of insurance and not one for damages resulting from negligence wherein the law affords a plaintiff recovery ‘ ‘ for the harm actually suffered, even though the precise nature and extent of those injuries, as they finally developed, were more severe than could ordinarily have been foreseen ” (Poplar v. Bourjois, 298 N. Y. 62, 67), and even though the injured person was not an average healthy individual. (Miehlke v. Nassau Elec. R. R. Co., 129 App. Div. 433.)
In an action upon an unambiguous contract the court is not at liberty to make any award not expressly provided for therein. Plaintiff contends that the exclusion in this contract is ambiguous. Although the argument is plausible, it cannot be accepted in view of the decisions. (McMartin v. Fidelity & Cas. Co., 264 N. Y. 220; McGrail v. Equitable Life Assur. Soc., 263 App. Div. 439; Guarisco v. Massachusetts Bonding & Ins, Co., 167 Misc. 875, affd. 258 App. Div. 889; Christian v. Metropolitan Life Ins. Co., 252 App. Div. 252; Naseef v. Metropolitan Life Ins. Co., 230 App. Div. 610.)
Plaintiff relies upon Silverstein v. Metropolitan Life Ins. Co. (254 N Y. 81, 83, 84). In that case a similar provision was in the insurance policy, plus an express exclusion of ‘ ‘ loss caused wholly or partly by disease or bodily e * * infirmity”. The insured suffered a blow in his abdomen, resulting in his stomach opening, the onset of peritonitis and his subsequent death. The court held that though the insured was possibly suffering from a weakened stomach wall which was more susceptible to breaking open upon receipt of a blow, the condition “ was *254 not a disease or an infirmity within the meaning of the policy ’ ’ exclusion.
In McMartin v. Fidelity & Cas. Co. (supra) the court held that the insured had a pre-existing disease aggravated by the accident and denied recovery. The court discussed and distinguished the Silverstein case therein.
The court’s sympathy is with the infant plaintiff; but the contract leaves no room for the application of sympathy. The prior insertion of the metal plate was another cause of plaintiff’s loss in this fall. It is clear that if plaintiff had not had the metal plate in his head he would only have suffered the abrasion. Presumably this type of policy is written upon the premise that most pupils will be normal and the risk as to them is accepted. To guard against the risk as to children who have abnormal conditions, the exclusion clause is inserted in the policy. Parents of pupils having such conditions are bound to know of the exclusion, and if they wish broader coverage, they must procure an appropriate policy.
The court finds that in view of plaintiff’s fall and bruised head, the X ray was a proper expense within the terms of the policy, and plaintiff is entitled to recover of the defendant the sum of $32.50,
This decision contains the court’s findings within the provisions of section 440 of the Civil Practice Act. Submit judgment accordingly.