Millie Smith, Respondent, *v.* Massachusetts Bonding and Insurance Company, Appellant.

Second Department, January 11, 1924.

Insurance — accident and health insurance — policy insured against death caused by accidental injury independently and exclusively of all other causes — insured was injured in elevated railroad collision — action brought on theory that injury produced pleurisy which, in turn, aggravated heart condition — death caused directly by acute dilatation of heart — error to charge that insurer is liable if injury, by aggravating heart disease, accelerated death — complaint not dismissed since plaintiff may show that heart condition was caused by injury — waiver of filing proof of loss must be pleaded.

In an action to recover on an accident and health insurance policy for the death of the insured, it appears that the policy provided for insurance against accidental death, where death is the result of an accidental injury independently and exclusively of all other causes; that the insured suffered an injury in a collision between elevated railway trains and subsequently died from acute dilatation of the heart due to valvular disease of the heart and myocarditis; that the action was tried specifically upon the theory that the injury produced pleurisy which was a primary and producing cause in aggravating the heart condition with which the deceased was affected at the time, and that this aggravation accelerated and hastened the death of the deceased; and that there is no evidence that the heart disease was caused by the injury.

Held, that it was error for the court to charge that if the heart disease of the insured was aggravated by the accident and death hastened as a result of the accident aggravating the diseased condition of the insured, the defendant would be liable, for the terms of the policy specifically provided that there would be no liability unless death was caused by the accident independently and exclusively of all other causes.

The complaint should not be dismissed since it is possible that on another trial proof may be offered to show that the heart condition was caused directly by the accidental injury.

The alleged waiver by the defendant of the filing of proofs of loss should have been pleaded by the plaintiff, but though not pleaded, an amendment might have been allowed conforming the pleading to the proof, since evidence of the waiver was introduced without objection.

Before a new trial, however, the complaint should be amended to allege waiver of the filing of proofs of loss.

Kelly, P. J., dissents.

Appeal by the defendant, Massachusetts Bonding and Insurance Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 31st day of October, 1922, upon the verdict of a jury, and also (as stated in the notice of appeal) from an order denying the defendant's motion for a new trial.

*Joseph B. Finkelstein* [*Herman Lenitz* with him on the brief], for the appellant.

*Frank A. Bellucci*, for the respondent.

Young, J.:

The action was brought by the plaintiff beneficiary under an accident and health insurance policy issued by the defendant insuring one John Smith against accidental bodily injuries and providing certain weekly accident indemnity and for weekly illness indemnity. The policy was issued on the 23d day of June, 1919. The complaint alleges the issuance of the policy, a copy of which is annexed to the complaint; that the death of the insured, which occurred on the 14th day of October, 1919, was caused by bodi y injuries sustained on July 1, 1919, while a passenger on an elevated train, a public conveyance, known as the Second Avenue Corona Line, due to a collision between two trains. The complaint further alleges performance on the part of the said John Smith of all of the terms and conditions of the policy on his part to be performed and also alleges performance on the part of the plaintiff of all the terms, covenants and conditions on her part to be performed.

The amended answer denies the material allegations of the complaint and denies performance of the conditions of the policy either by the insured or by the plaintiff, and by way of separate defense alleges non-liability by reason of a release executed by plaintiff's intestate, also that false and fraudulent statements contained in the application for insurance vitiated the po icy and that the cause of death was acute dilatation of the heart and not the accidental injury sustained by the insured.

Appellant attacks the judgment on numerous grounds, but we

think none may be considered as fatal to the judgment except the question presented as to the construction of certain provisions of the policy as made by the trial court.

The company, by the terms of the policy, insured " against bodily injury sustained during the life of this policy directly and independently of all other causes through accidental means." And part 1, section " A " provided: " If ' such injury ' shall immediately, continuously and wholly disable and prevent the Insured from date of the accident from performing any and every kind of duty pertaining to his occupation and during the period of such continuous disability shall independently and exclusively of all other causes result in any one of the following specific losses, the Company will pay the sum set opposite such loss and in addition thereto said Weekly Accident Indemnity from date of the accident to date of such loss."

One of the specific losses then mentioned was loss of life for which the company agreed to pay $6,000 and double that sum if the insured was injured while a passenger on a public conveyance, etc.

It is admitted that the immediate cause of death was acute dilatation of the heart due to valvular disease of the heart and myocarditis. It appeared that when Dr. Wickham examined the insured shortly after the accident, he examined the patient's heart, but found no evidence of heart disease. The doctor further said that the condition of the heart disclosed by the autopsy might develop slowly or rapidly. There is no evidence in the case that the heart disease, which was an organic disease, was caused by the injury. Dr. Neal, who performed the autopsy, said that it was impossible to say how long it would take for the condition found to develop. It might take a year or more, or less than a year, and it might occur within three months. He also said that the patient would have died from heart disease sooner or later anyway. The case was not tried upon the theory that the injury produced heart disease. It was tried specifically upon the theory that the injury produced a pleurisy which was a primary producing cause of adhesions in the left lung of the patient, and the condition of the lung caused by the accident was a primary competent and producing cause in aggravating the heart condition with which the deceased was affected at the time of the accident, and that this aggravation accelerated and hastened the death of the deceased.

Upon this subject the learned trial court charged the jury as follows:

" If a person is injured, anyone who is insured, as was this deceased, Smith, anyone having a predisposition to disease, or a latent weakness, that fact cannot avail an insurance company nor

relieve it from liability or damages which ensued when the dormant disease, or latent weakness, was aggravated or brought into activity, causing death; and if those conditions existed the plaintiff would be entitled to recover.

" For instance, I will charge that the excitation by an accident of a dormant growth or formation within the body so that it gradually results in death, which but for the accident would have been deferred until a later period of life, is within the operation of a policy insuring against bodily injury, sustained through accidental means, resulting directly, independently and exclusively of all other causes in death.

" Under those conditions a defendant would be liable under the terms of a policy of insurance such as this, taking into consideration, of course, all of the other elements that I have called to your attention.

" If the jury should find that the deceased would not have died when he did but for the injury resulting from the accident, the accident was the direct, independent and exclusive cause of death at that time, even though death was hastened by the diseased condition; and so, if you should find that, the plaintiff would be, in that case, entitled to recover."

The appellant claims that this charge was erroneous; that under the conditions of the policy there can be no recovery where the insured at the time of the accident has a disease in his system which through the injury is aggravated causing his death earlier than it would have occurred had it not been for the accidental injury.

In support of this charge respondent cites the rule in negligence cases as stated in *McCahill* v. *N. Y. Transportation Co.* (201 N. Y. 221). This, however, has no application in the present case, for we are dealing not with a rule of law, but with the construction of a contract of insurance. The question here is as to the meaning of the words used in the policy. No case construing the language used is cited in the State of New York, nor can I find that this or similar language has been construed by our courts. In Joyce on The Law of Insurance the question is discussed at considerable length, beginning with section 2879a, volume 5, second edition. Cases are there referred to arising in several other States where the language of this policy or similar language has been construed, and all the cases so far as I can determine are to the effect that where the policy provides that there shall be liability for injury or death only when caused solely by the accident or independently and exclusively of all other causes, there is no liability where the accidental injury aggravated a diseased condition previously existing, although death was accelerated thereby.

In *Penn* v. *Standard Life Ins. Co.* (160 N. C. 399; 76 S. E. Rep.

262) the court laid down certain rules applicable in cases of this kind, namely:

" 1. When an accident caused a diseased condition, which together with the accident resulted in the injury or death complained of, the accident alone is to be considered the cause of the injury or death.

" 2. When at the time of the accident the insured was suffering from some disease, but the disease had no causal connection with the injury or death resulting from the accident, the accident is to be considered as the sole cause.

" 3. When at the time of the accident there was an existing disease, which, co-operating with the accident, resulted in the injury or death, the accident cannot be considered as the sole cause or as the cause independent of all other causes."

Under the language of the policy that the company's obligation arises only in case death occurs from the accidental injury independently and exclusively of all other causes, I cannot see how, upon the present record, the judgment obtained can be upheld, for the plaintiff's claim and theory is that the insured died of heart disease, aggravated by the injury, and that his death was accelerated thereby. This, I think, is entirely inconsistent with the proposition that he died as a result of the accidental injury, independently and exclusively of all other causes.

In view of the testimony of the attending physician that he could detect no sign of heart trouble when he first examined the insured soon after the accident, I do not think the complaint should be dismissed, as upon another trial it is possible that proof may be offered to show that the heart condition was caused by the accidental injury. One other matter should perhaps be noticed. It was shown that no proofs of loss were furnished as provided by the policy. Respondent claimed that because there was proof in the case that notice was given of the death of the assured and that the managing agent, Fuller, having such knowledge, denied liability to Langfier, the agent placing the insurance, there was a clear waiver on the part of the defendant in regard to the filing of proofs of loss and the giving of written notice as provided by the policy; that under such circumstances there was no need of furnishing proofs of loss, for the company had already taken the position that it would not pay even though proof were furnished. (*Knickerbocker Life Insurance Co.* v. *Pendleton,* 112 U. S. 696; *Royal Insurance Co.* v. *Martin,* 192 id. 149.)

The difficulty is that no waiver was alleged in the complaint; on the contrary, full compliance with all the conditions of the policy was alleged. Upon the trial, however, evidence of waiver

was received without objection, and an amendment might have been allowed conforming the pleading to the proof. Before a new trial is had, there should be an amendment to accord with the facts shown in this particular.

I advise that the judgment and order be reversed upon the law and a new trial granted, with costs to abide the event.

JAYCOX, MANNING and KAPPER, JJ., concur; KELLY, P. J., dissents upon the ground that the evidence warranted the verdict of the jury that the death of the insured was caused by the accident exclusively, independently of all other causes.

Judgment and order reversed upon the law and a new trial granted, with costs to abide the event.