entered November 20, 1924, affirming a judgment in favor of plaintiff entered upon a verdict. The action was in trespass to recover damages for the alleged flooding of plaintiff's lands at the head of Lake Bonaparte in the town of Diana, alleged to have been caused by the maintainance by the defendants of a dam across the outlet of Lake Bonaparte thereby impounding the waters of the lake and causing the water to rise to such a height that the lands of the plaintiff were overflowed and the damages alleged in the complaint sustained. The answer admitted the existence of the dam in question but denied that damage was caused by any act of the defendants in maintaining said dam and impounding the waters in said lake. It further alleged prescriptive rights to impound the waters in said lake to the height to which they were raised.

*Thomas Burns, A. F. Mills* and *Fred K. Felshaw* for appellants.

*W. A. Porter* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

MILLIE SMITH, Appellant, *v.* MASSACHUSETTS BONDING AND INSURANCE COMPANY, Respondent.

*Insurance (accident) — action to recover on policy of accident insurance — defense that death was caused by disease and not by accident.*

*Smith* v. *Mass. Bonding & Ins. Co.*, 207 App. Div. 682, affirmed. (Argued October 21, 1925; decided November 24, 1925.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered January 11, 1924, reversing a judgment in favor of plaintiff entered upon a verdict. The action was to recover upon a policy of accident and health insurance issued by the defendant to the plaintiff's husband and in which the plaintiff was named as beneficiary. The complaint alleged that while the policy was in full force and effect

the insured died from bodily injuries sustained through accidental means. The answer denied the material allegations of the complaint, denied performance of the conditions of the policy either by the insured or by the plaintiff, and by way of separate defense alleged non-liability by reason of a release executed by plaintiff's intestate, also that false and fraudulent statements contained in the application for insurance vitiated the policy and that the cause of death was acute dilatation of the heart and not the accidental injury sustained by the insured.

*Alfred M. Bailey, Solon Weit* and *Frank A. Bellucci* for appellant.

*Benjamin C. Loder* and *Herman Lenitz* for respondent.

Order affirmed and judgment absolute ordered against appellant on the stipulation, with costs in all courts; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

FRANK DEVESO, Respondent, *v.* JOHN W. CHANDLER, Appellant.

LARKIN & COMPANY, Respondent, *v.* JOHN W. CHANDLER, Appellant.

*Contract — sale — action to recover for failure to deliver merchandise sold " F. O. B."— defense that it was duty of plaintiff to offer payment at place of shipment.*

*Deveso* v. *Chandler,* 210 App. Div. 684, affirmed.

*Larkin & Co.* v. *Chandler,* 210 App. Div. 684, affirmed.

(Argued October 21, 1925; decided November 24, 1925.)

APPEAL, in each of the above-entitled actions, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 21, 1924, unanimously affirming a judgment in favor of plaintiff entered upon a verdict directed by the court. The actions were to recover for alleged failure to deliver potatoes sold by the defendant to the plaintiffs to be delivered " F. O. B." Exmore, Virginia. The