Margaret McMartin, Respondent, Impleaded with Others, *v.* The Fidelity and Casualty Company of New York, Appellant.

(Argued March 19, 1934; decided April 17, 1934.)

*Charles B. Sullivan, John T. Connors, Jr.,* and *Warner M. Bouck* for appellant. The accidental injuries did not result in death directly and independently of all other causes. (*Silverstein* v. *Metropolitan Ins. Co.,* 254 N. Y. 81; *Leland* v. *United Commercial Travelers,* 233 Mass.

558; *Smith* v. *Mass. Bonding & Ins. Co.*, 207 App. Div. 682; 241 N. Y. 558; *Reynell* v. *Indemnity Ins. Co.*, 258 N. Y. 572; *Smith* v. *Federal Life Ins. Co.*, 6 Fed. Rep. [2d] 283; *Naseef* v. *Metropolitan Life Ins. Co.*, 230 App. Div. 610.)

*Lawrence B. Mc Kelvey, Brenton Taylor* and *T. Cuthell Calderwood* for respondent. The plaintiff's evidence was sufficient to require the submission of the case as an issue of fact. (*Rickerson* v. *Hartford Fire Ins. Co.*, 149 N. Y. 307; *Houlihan* v. *Preferred Acc. Ins. Co.*, 196 N. Y. 337; *Hoffman* v. *Ætna Fire Ins. Co.*, 32 N. Y. 405; *Van Vechten* v. *American Eagle Fire Ins. Co.*, 206 App. Div. 39; *Schumacher* v. *G. E. C. & I. Co.*, 197 N. Y. 58; *Bird* v. *St. Paul F. & M. Ins. Co.*, 224 N. Y. 47; *Goldstein* v. *Standard Acc. Ins. Co.*, 236 N. Y. 178; *Silverstein* v. *Metropolitan Life Ins. Co.*, 254 N. Y. 81; *Freeman* v. *Mercantile Acc. Assn.*, 156 Mass. 351; *Bailey* v. *Interstate Casualty Co.*, 8 App. Div. 127; *Lewis* v. *Ocean Acc. & G. Co.*, 224 N. Y. 18; *Marchi* v. *Ætna Life Ins. Co.*, 140 App. Div. 901; *Wehle* v. *U. S. Mut. Acc. Assn.*, 11 Misc. Rep. 36; 153 N. Y. 116; *Larkin* v. *Interstate Casualty Co.*, 43 App. Div. 365.)

CROUCH, J. The defendant issued a policy of insurance to James McMartin " against disability or death resulting directly and independently of all other causes, from bodily injuries sustained through external, violent and accidental means." While the policy was in force the insured, driving his automobile, sustained bodily injuries within the terms of the policy. He was taken to a hospital where, twenty days later and without having left his bed, he died.

Disregarding certain alleged errors in evidential rulings which we deem trivial and insubstantial, the sole question is whether death resulted directly and independently of all other causes from the bodily injuries.

The applicable rule of construction has been so recently and so fully discussed (*Silverstein* v. *Metropolitan Life*

*Ins. Co.*, 254 N. Y. 81) and applied (*Smith* v. *Massachusetts Bonding & Ins. Co.*, 207 App. Div. 682; affd., 241 N. Y. 558; *Allendorf* v. *Fidelity & Casualty Co.*, 250 N. Y. 529; *Reynell* v. *Indemnity Ins. Co.*, 258 N. Y. 572) in this court as to make needless anything but a bare statement of it. As a pendant to the opinion in the *Silverstein* case, it is appropriate to paraphrase as follows a recent statement of the rule by Mr. Justice CARDOZO: Under a policy phrased as this one, the insurer may be relieved of liability if an idiosyncratic condition of mind or body predisposing the insured to injury is so acute as to constitute a disease. (*Landress* v. *Phœnix Mut. Life Ins. Co.*, 291 U. S. 491 [March 5, 1934], dissenting opinion.) " The disease or the infirmity must be so considerable or significant that it would be characterized as disease or infirmity in the common speech of men; * * * of such quality or degree that in its natural and probable development it may be expected to be a source of mischief." (*Silverstein* v. *Metropolitan Life Ins. Co., supra,* p. 84.)

In the collision the insured struck his chest against the steering wheel of his automobile. At the hospital he complained of severe pain in his chest and " would grunt with pain " in breathing or upon pressure. An X-ray disclosed " some separation of the third right and left costal cartilages." The pain gradually cleared up and on the fifth or sixth day he could take a normal breath without much distress. A laceration of the lip substantially healed within the same period. There were no other evidences of injury. The immediate cause of death was nephritis. It is not claimed that nephritis was caused by the accident. The disease, according to the testimony of one of plaintiff's witnesses had been chronic and progressive for a period of years — at least three years. The autopsy disclosed other serious chronic conditions — chronic appendicitis, chronic inflammation of the prostate, left coronary artery thickened, narrowed and calcified,

certain adhesions about the intestines.  Nevertheless, the insured, aged about seventy years, was in seeming good health and was actively engaged in business.  What happened subsequent to the accident was described by a medical witness as follows: "As a result of the injury to his chest there was a resultant shock.  Very soon after this shock was present there were increasing evidences of trouble in his intestinal tract and with his urinal tract. The poisons which were absorbed as a result of this failure of elimination produced the poisons in his system, the blood absorbing them and carrying them to all parts of his body.  As a result of this poisoning all of the organs in the body, of course, were more or less weakened, their function was lessened and resulted ultimately in his death."

Upon that testimony it is said that " the accident killed McMartin because he was unable to withstand the shock which followed it."  Upon that theory plaintiff rests her case.  It is not enough.  The burden was on plaintiff to show that the idiosyncratic condition of McMartin's body, upon which the accidental injury impinged ultimately to cause death, was not a disease within the meaning of the established rule.  The burden was not met.  Nephritis existent for at least three years, chronic and progressive, may not with any fitness of language or with any sense of reality be described as a mere predisposing tendency.  It is a condition which in its natural and probable development may be expected to be a source of mischief, and so a disease; and if it were mentioned as inflammation of the kidneys instead of nephritis, the ordinary man in his common speech would unquestionably call it a disease.

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.  (See 264 N. Y. 671.)

POUND, Ch. J., LEHMAN and O'BRIEN, JJ., concur; CRANE and HUBBS, JJ., dissent; KELLOGG, J., not sitting.

Judgment accordingly.