LINNA H. BUSCH, Respondent, v. WILLIAM J. BUSCH, Appellant.— Order denying defendant's motion to confirm the report of the official referee affirmed, with thirty dollars costs and disbursements. No opinion. Lazansky, P. J., Kapper, Carswell, Tompkins and Davis, JJ., concur.

TILLIE CIRULNICK, Appellant, v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Respondent.— Judgment unanimously affirmed, with costs, on the authority of *McMartin* v. *Fidelity & Casualty Co.* (264 N. Y. 220). Present — Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ.

C. J. G. CORPORATION, Appellant, v. KNICKERBOCKER INSURANCE COMPANY OF NEW YORK, Respondent.— Order denying plaintiff's motion for summary judgment reversed on the law and the facts, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, with the provision that an assessment of the extent of plaintiff's damages be had immediately before a court or a court and jury pursuant to rule 113 of the Rules of Civil Practice. There is no issue of fact in respect of the defense based on the provision in the policy relating to knowledge of the insured respecting foreclosure proceedings, etc.; the undisputed facts show that this clause was not violated during the period of coverage. The foreclosure action invoked as such a violation was begun before the period of coverage and was, on the undisputed facts, settled and concluded before defendant issued its policy, even though there had not been a formal discontinuance of the action and cancellation of the *lis pendens*. The action was only nominally pending although actually it had been concluded and settled three months before the beginning of the period of coverage. The defense on the undisputed facts is insufficient in law. (*Chamberlain* v. *Insurance Co. of North America*, 20 N. Y. St. Repr. 543; affd., 51 Hun, 636.) The defendant does not show any evidentiary facts that entitle it to a trial in respect of the claimed origin of the fire. There is an issue of fact in respect of the amount of damages, dependent upon whose evidence as to values is credited and the extent of the credits to which the defendant may be entitled. This issue of fact does not bar summary judgment under the present provisions of rule 113. Lazansky, P. J., Kapper, Carswell, Tompkins and Davis, JJ., concur.

ETHEL H. COFFIN, Appellant, v. R. N. QUINN REALTY CORPORATION, Respondent. HERBERT COFFIN, Appellant, v. R. N. QUINN REALTY CORPORATION, Respondent.— Orders of the County Court of Westchester county reversing judgments of the City Court of New Rochelle, and judgments of said City Court, entered pursuant thereto, reversed on the law and the facts, with costs, and judgments of the City Court of New Rochelle dated April 21, 1933, reinstated. In the rulings of the trial court we find no error prejudicial to the defendant. (Civ. Prac. Act, § 106.) Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ., concur.

CONSERVATIVE GAS CORPORATION, Respondent, v. JOHN REPETTI and Another, Appellants.— Order denying motion to dismiss the complaint for failure of prosecution affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Kapper, Hagarty, Carswell and Tompkins, JJ., concur.