Harry Romanoff, Appellant, v. The Commercial Travelers Mutual Accident Association of America, Respondent.—Action on a policy of insurance by the terms of which defendant agreed to insure the plaintiff against " any one " of several losses if such loss should be " the direct and approximate result of and which is caused solely and exclusively by external, violent and accidental means." One of the described losses was the loss of a leg. Appeal by plaintiff from an order setting aside a verdict in his favor and granting a new trial. Order unanimously affirmed, with costs. On February 10, 1932, while receiving an electrical baking treatment, two of plaintiff's toes were burned. The following day one of the toes became infected. Later the infection became so acute that it was necessary to amputate the toe and subsequently to amputate the left leg above the knee. It is undisputed that at the time he received the burn plaintiff was suffering from two active pre-existing diseases — diabetes and arterio-sclerosis. The proof shows the burn would not have resulted in the loss of plaintiff's leg if he had not been affected

with these diseases. Therefore, the loss of his leg was not the " direct and approximate result " of the burn, nor was it due " solely and exclusively " to the burn, and defendant was not liable under the terms of the policy. (*Reynell* v. *Indemnity Ins. Co. of North America*, 258 N. Y. 572; *Silverstein* v. *Metropolitan Life Ins. Co.*, 254 id. 81, 84; *Smith* v. *Massachusetts Bonding & Ins. Co.*, 207 App. Div. 682; affd., 241 N. Y. 558; *McMartin* v. *Fidelity & Casualty Co.*, 264 id. 220.) Present — Lazansky, P. J., Young, Carswell, Davis and Johnston, JJ.