HELEN EISSER, Appellant, v. THE COMMERCIAL TRAVELERS MUTUAL ACCIDENT ASSOCIATION OF AMERICA, Respondent.— Judgment reversed on the law and a new trial granted, costs to abide the event. The court erred in charging, at folio 474, that if there was a pre-existing diseased heart which contributed to death, the plaintiff could not recover, because, under the facts of the case, the jury might find that the heart condition did not amount to an active disease at the time plaintiff became ill, but was a dormant condition which was made active by the alleged accident, and, while it then may have contributed to the death of the insured, it was not such a contribution as would prevent plaintiff's recovery. (*Silverstein* v. *Metropolitan Life Ins. Co.*, 254 N. Y. 81.) Young, Carswell, Davis, Adel and Taylor, JJ., concur.

WILLIAM FERGUSON, Appellant-Respondent, v. CHESTER A. POLING, INC., Respondent-Appellant.— This action was brought by plaintiff, a seaman, under the Jones Act, so called, to recover damages for injuries received while working on a barge moored to a Brooklyn dock. The jury rendered a special verdict in which it fixed plaintiff's damage at $25,000 and reduced such damage by the sum of $5,000 because of plaintiff's negligence contributing to the injury. The court entered an order denying defendant's motion to dismiss the complaint but granting its motion to set aside the verdict and direct a new trial unless plaintiff stipulate to increase to $15,000 the amount representing his contributory negligence, and denying the motion to set aside the verdict in the event that the stipulation be given. Cross-appeals by plaintiff and defendant. Order, in so far as it denies defendant's motions to dismiss the complaint, unanimously affirmed, with costs. In so far as it sets aside the verdict and grants a new trial unless the stipulation described be given, order reversed on the law and the facts, with costs, defendant's motion denied, and judgment directed to be entered in accordance with the special verdict. We are of opinion that the damages were not excessive as a matter of law. In view of the assurance received from his superior, plaintiff did not assume the risk nor was he obliged to utilize the makeshift arrangement to avoid use of the punk plug and socket, even if he were aware of that substitute method, as to which it was well within the province of the jury to find that he was not. The substitution by the court of the fixation of a sum equivalent to the negligence of plaintiff contributing to the accident in place of that found by the jury is dependent upon a determination of the theory of the jury upon which contributory negligence was predicated. Such determination by the trial court is sheer conjecture under the circumstances here, for the jury may well have found, among other things, that the plaintiff should have endeavored to avoid the line of discharge of the plug even though both he and his superior did not deem it to constitute an imminent peril. Both in theory and amount, the question of apportioning the negligence was peculiarly within the province of the jury, and it was error for the trial court to increase the amount fixed as the extent to which the contributory negligence should reduce the whole damage. Hagarty, Carswell, Davis, Johnston and Adel, JJ., concur.