RAILWAY MAIL ASSOCIATION *v.* SCHRADER

[No. 16,070. Filed March 21, 1939. Rehearing denied June 13, 1939. Transfer denied December 11, 1939.]

*Wiles, Springer & Roots,* and *Paul Brown,* for appellant.

*Pence, O'Neill & Divan, Charles B. Salyer,* and *Scotten & Hinshaw,* for appellee.

DUDINE, J.—This is an action instituted by appellee Lora E. Schrader agaiñst appellant Railway Mail Association to recover an "accidental death benefit" under a "beneficiary department certificate," hereinafter called "policy", issued by appellant, a fraternal beneficiary association, to William C. Schrader, appellee's husband, who died June 2, 1932.

It would serve no good purpose to discuss the pleadings. The cause was submitted to a jury for trial and the jury returned a verdict for appellee, plaintiff below, in the amount prayed for in the complaint. Judgment was rendered upon the verdict.

The overruling of a motion for new trial, which was filed by appellant, is assigned as the only error upon appeal.

The causes for new trial contained in the motion therefor are: (1) the verdict is not sustained by sufficient evidence, (2) the verdict is contrary to law, (3) contended error in refusing to give a peremptory instruction to find for defendant, (4) contended error in giving each of several instructions, (5) contended error in refusing to give each of several instructions.

Substantially the same law question is presented under each of the grounds for new trial numbered one, two and three above, and that is the question whether or not, under the evidence in this record, as a matter of law, "disease, defect or bodily infirmity . . . (was) a contributing cause of (decedent's death) . . ." within the meaning of said terms as used in the policy.

The policy provided: ". . . Accidental death shall be construed to be . . . violent death from external violent and accidental means, resulting directly, independently and exclusively of any other causes . . . . *There shall be no liability whatever when disease, defect or bodily infirmity is a contributing cause of death . . . .*" (Our italics.)

The evidence shows that decedent was fifty four (54) years old at the time of his death; that continuously for more than twenty (20) years prior to the injury which resulted in his death he was a railway mail clerk; that during that period of time he lost only two days' work on account of sickness or disability and said two days' loss occurred about two years prior to his death; that he was at all times of a cheerful and sociable disposition and never complained of pain or suffering prior to said injury.

On May 14, 1932, he and his adult son were engaged in removing the bath fixtures in the bathroom of his

home preparatory to laying new linoleum on the floor and while attempting to carry the bath tub through the door, he carrying it at one end and his son at the other end, decedent slipped and fell over and against the tub.

Immediately following the injury and continuously until his death, which occurred June 2, 1932, eighteen days later, decedent suffered severe pains in his chest, abdomen and side; he was weak, suffered from dizziness and cold sweats; and on account of pain and weakness was unable to sit or stand erect.

Within four days after the injury he was passing old blood through his bowels. On May 26th he vomited large quantities of blood. He continued to vomit large quantities until May 28th when an operation was performed upon him and it was ascertained that he had suffered a hemorrhage of the stomach at a place where there was a gastric ulcer. He contracted post-operative pneumonia shortly after the operation and died June 2, 1932, the pneumonia being the immediate cause of his death. Apparently he was recovering from the operation when the pneumonia set in.

The evidence shows further that the injury caused the hemorrhage; that without the injury there would not have been a hemorrhage; and that the ulcer would have yielded to treatment. The existence of the ulcer was unknown to the insured before the operation.

Appellant admits that under the rule laid down by our Supreme Court in *Continental Casualty Co.* v. *Lloyd* (1905), 165 Ind. 52, 73 N. E. 824, the verdict of the jury would be sustained by the evidence if the policy did not contain the express clause, "There shall be no liability whatever when disease, defect or bodily infirmity is a contributing cause of death", but appellant contends that said clause being in the policy, the verdict of the jury is not sustained by the evidence,

and the verdict is contrary to law, and the court erred in refusing to give the peremptory instruction for defendant. (As following *Continental Casualty Co.* v. *Lloyd,* supra, see *Inter-Ocean Casualty Co.* v. *Wilkins* (1933), 96 Ind. App. 231, 182 N. E. 252.)

Appellant has cited several Indiana cases involving accident insurance wherein the decision was based upon clauses in accident insurance policies which clauses are similar in effect to the clause relied on here, but in none of said cases were the facts similar to the facts in the instant case. We have searched for but have not found such an Indiana authority. (In this connection see *Sharp* v. *The Commercial Travelers' Mutual Accident Assn. of America* (1894), 139 Ind. 92, 37 N. E. 353.)

Appellant has cited several foreign cases wherein a distinction is made between accident insurance policies which contain such further provisos, in effect that "there shall be no liability whatever when disease, defect or bodily infirmity is a contributing cause of death . . .", and such policies which *do not contain such further proviso.* See *Fidelity and Casualty Co.* v. *Meyer* (1912), 106 Ark. 91, 152 S. W. 995; *Korff* v. *Travellers Insurance Co.* (1936), 83 Fed. (2d) 45; *Ewing* v. *Equitable Life Assurance Society of the United States* (1936), 320 Pa. St. 577, 82 Atl. 369; *Kelley* v. *Pittsburgh Casualty Co.* (1917), 256 Pa. 1, 100 Atl. 494; *Patterson* v. *The Ocean Accident and Guarantee Corp.* (1905), 25 App. D. C. 46. Appellant has also cited some foreign cases which indicate that the decisions were based primarily on such further provisos. See *Korpf* v. *Travellers Insurance Co.* supra; *White* v. *Standard Life and Accident Ins. Co.* (1905), 95 Minn. 77, 103 N. W. 735, 884; *National Masonic Accident Assn.* v. *Shryock* (1896), 73 Fed. 774; *Fidelity and Casualty Co.* v. *Meyer,* supra.

In none of the cases cited by appellant are the facts more similar to the case before us than in *Silverstein* v. *Metropolitan Life Ins. Co.* (1930), 254 N. Y. 81, 83-86, 171 N. E. 914, (Opinions by Cardozo, C. J.) We quote from the opinion as follows:

"Defendant issued its policy of insurance whereby it insured plaintiff's husband against the results of bodily injuries 'caused directly and independently of all other causes by accidental means,' the insurance in the event of his death to be payable to his wife. The policy was not to " 'cover accident, injury, disability, death or other loss caused wholly or partly by disease or bodily or mental infirmity or medical or surgical treatment therefor'."

"The insured, while lifting a milk can into an ice box, slipped and fell, the can striking him on the abdomen and causing such pain that he was unable to get up. A surgeon, opening the abdomen found a perforation at the junction of the stomach and the duodenum, through which the contents of the stomach escaped into the peritoneum, causing peritonitis and, later, death. At the point of perforation there had been a duodenal ulcer, about the size of a pea. The existence of this ulcer was unknown to the insured, and were it not for the blow, would have had no effect upon his health, for it was dormant, and not progressive, or so the triers of the facts might find. Even so, there had been a weakening of the wall in some degree, with the result that the impact of the blow was followed by perforation at the point of least resistence. The question is whether death was the result of an accident to the exclusion of other causes.

"We think the evidence sustains a finding that the ulcer was not a disease or an infirmity within the meaning of the policy. Left to itself, it would have been as harmless as a pimple or a tiny scratch. Only in the event that it was progressive would it become a source of pain or trouble.

If dormant, as it was found to be, it was not only harmless in itself, but incapable of becoming harmful except through catastrophic causes, not commonly to be expected. In a strict or literal sense, any departure from an ideal or perfect norm of health is a disease or an infirmity. Something more, however, must be shown to exclude the effects of accident from the coverage of a policy. *The disease or the infirmity must be so considerable or significant that it would be characterized as disease or infirmity in the common speech of men (Eastern Dist. Piece Dye Works v. Travelers Ins. Co., 234 N. Y. 441, 453).* 'Our guide is the reasonable expectation and purpose of the ordinary business man when making an ordinary business contract' *(Bird v. St. Paul F. & M. Ins. Co., 224 N. Y. 47, 51; Goldstein v. Standard Acc. Ins. Co., 236 N. Y. 178, 183; Van Vechten v. American Eagle Fire Ins. Co., 239 N. Y. 303).* A policy of insurance is not accepted with the thought that its coverage is to be restricted to an Appollo or a Hercules. (Our italics.) . . .

"Any different construction would reduce the policy and its coverage to contradiction and absurdity. The infinite interplay of causes makes it impossible to segregate any single cause as operative at any time and place to the exclusion of all others, if cause is to be viewed a concept of science or philosophy *(Schwarz v. Commercial Travelers Mut. Acc. Assn., 254 N. Y. 523, affg. 227 App. Div. 711; 132 Misc. Rep. 200; Lewis v. Ocean Acc. & G. Corp., 224 N. Y. 18, 20).* The courts have set their faces against a view so doctrinaire, an estimate of intention so headed toward futility. 'We are to follow the chain of causation so far, and so far only, as the parties meant that we should follow it. The causes within their contemplation are the only causes that concern us' *(Goldstein v. Standard Acc. Ins. Co., supra).*"

The rule of construction announced in the Silver-

stein case, supra, was approved in *World Ex. Bank* v. *Com. Casualty Ins. Co.* (1930), 255 N. Y. 1, p. 5, 173 N. E. 902; *McMartin* v. *Fidelity and Casualty Co.* (1934), 264 N. Y. 220, p. 221, 190 N. E. 414; *Preferred Accident Ins. Co. of N. Y.* v. *Combs* (1935), 76 Fed. (2d) 775. The case of *Reynell* v. *Indemnity Ins. Co. of North America* (1932), 258 N. Y. 572, 180 N. E. 337, was reversed on authority of the Silverstein case, supra.

The similarity of the facts in that case and the facts in the case before us is apparent. There is no material difference between the provisos relied upon in the two cases, to the effect that there shall be no liability when disease etc. is a contributing cause of the death. We think the rule of construction announced in the Silverstein case, supra, that, ''The disease or the infirmity must be so considerable or significant that it would be characterized as disease or infirmity in the common speech of men'' is the soundest and fairest rule of construction announced in such cases, and we adopt it.

Applying said rule to the instant case, we hold that the evidence sustains a finding that the ulcerous condition of decedent's stomach was not a condition which would be considered a disease, defect or bodily infirmity ''in the common speech of men'', and that appellant is not entitled to escape liability under the policy on account of said proviso relied upon by appellant.

In instruction seven the court told the jury, ''. . . In order to entitle the plaintiff to recover anything in this action you must find . . . that the death of decedent . . . was proximately caused by external violent and accidental means alone. If disease, defect or bodily infirmity was a *proximate* cause of the death . . . there is no liability . . . .'' (Our italics.)

Instruction ten given to the jury prescribed: "If you believe from the evidence that the death of said decedent was caused by said gastric ulcer alone or that the said gastric ulcer and said accident were both contributing *proximate* causes, . . . your verdict should be for the defendant . . . ." (Our italics.)

Each of said instructions construes said proviso, which is relied upon by appellant, as excluding liability in cases where disease, defect or bodily infirmity is a *proximate* cause of insured's death. Said proviso does exclude such cases, but it excludes other cases too, to-wit; cases where disease, defect or bodily infirmity is a *contributing* cause of the insured's death regardless of whether or not the disease, defect or bodily infirmity is a *proximate* cause of the death. Each of said instructions might reasonably have led the jury to conclude that under the law of the case before them, in order to find for the defendant on the basis of said proviso, it was not sufficient if the evidence showed that the condition of decedent's stomach was a *contributing* cause of his death, but that the evidence must show that it was a *proximate* cause thereof. Each of said instructions was improper.

Other questions are presented in support of contended error in the giving of each of several other instructions, and in the refusal to give each of several instructions.

It is our opinion that the, evidence conclusively shows that the ulcerous condition of decedent's stomach was not a condition which would be considered a disease, defect or bodily infirmity "in the common speech of men",—therefore we hold that each of said instructions seven and ten given by the court was harmless and that the giving or the refusal to give said other instructions complained of, or any of them, if improper, was harmless.

The record shows that appellant's substantial rights were not affected by the giving or the refusal to give said instructions complained of or any of them and therefore the judgment should not be reversed on account of the giving or the refusal to give instructions or any of them. Sec. 2-1071 Burns 1933, §175, Baldwin's 1934.

No reversible error having been shown, the judgment is affirmed.