## LEWIS v. ALCOA S. S. CO., Inc.

District Court, S. D. New York.

May 4, 1944.

George J. Engelman, of New York City, for plaintiff.

Duncan & Mount, of New York City, for defendant.

BONDY, District Judge.

The seaman's war risk insurance policy insured "against loss of life and bodily injury * * * directly and solely occasioned by accidental external means." Schedule 3 which relates to payments to be made in case of total disability provides: "This insurance, however, does not cover illness or disease of any kind (except pyogenic infections which shall occur through an accidental cut or wound) * * *"

Plaintiff claims that he has been totally disabled by tuberculosis occasioned by accident.

On May 6, 1942, his ship was attacked by an enemy submarine. After he and other members of the crew jumped overboard, he was struck by a life raft, and suffered exposure for about four hours before being rescued. A Marine Hospital report states that on his discharge from the hospital, March 10, 1942 (about two or three days before he became a member of the crew of the ship), "Patient has no complaint whatsoever. Period of observation regarding activity of pulmonary tuberculosis now sufficient. All findings seem to indicate process arrested or quiescent" and "No further hospitalization necessary; patient fit for duty."

The defendant contends that there is no liability because plaintiff had been tubercular before the accident and that his tuberculosis at the time thereof at best had only been quiescent or arrested. The question therefore is whether the above clauses as a matter of law exclude disability arising from an active tubercular condition alleged to have been caused by accidental external means in a case in which a previously existing tuberculosis had been arrested.

A mere weakened condition, a predisposition to disease or a condition caused by a previous disease as distinguished from a disease actually existing at the time of the accident will not prevent recovery. Silverstein v. Metropolitan Life Ins. Co., 254 N.Y. 81, 85, 171 N.E. 914; Prudential Insurance Co. v. Carlson, 10 Cir., 126 F.2d 607. See McMartin v. Fidelity & Casualty Co., 264 N.Y. 220, 190 N.E. 414, reversing 239 App.Div. 296, 267 N.Y.S. 473; Bush v. Order of United Commercial Travelers, 2 Cir., 124 F.2d 528, certiorari denied 316 U.S. 696, 62 S.Ct. 1291, 86 L.Ed. 1765.

"If there is no active disease, but merely a frail general condition, so that powers of resistance are easily overcome, or merely a tendency to disease which is started up and made operative, whereby death results, then there may be recovery even though the accident would not have caused that effect upon a healthy person in a normal state." Leland v. Order of United Commercial Travelers, 233 Mass. 558, 124 N.E. 517, 520, cited with approval by Judge A. N. Hand in Bush v. Order of United Commercial Travelers, supra.

Whether the disability due to tuberculosis, for which the plaintiff seeks recovery, was a flare-up of an existing disease or whether it could be, and was independently and solely occasioned by the accident, presents a question of fact the determination of which will largely depend upon expert medical testimony, possibly based on a comparison of X-ray pictures taken before and after the accident, or upon other facts not sufficiently disclosed. The record therefore presents an issue of fact to be resolved at a trial, and the motion for summary judgment on the first cause of action accordingly must be denied.