ALBERT NOVICK, Plaintiff, v. COMMERCIAL TRAVELERS MUTUAL ACCIDENT ASSOCIATION OF AMERICA, Defendant.

City Court of the City of New York, Special Term, Bronx County, January 19, 1953.

*Dennis P. Donovan* and *Ernest S. Ballard* for defendant.

*Morris H. Beer* for plaintiff.

BONEPARTH, J. Defendant moves for summary judgment, pursuant to rule 113 of the Rules of Civil Practice, dismissing the complaint herein, which seeks to recover benefits for a claimed total disability under defendant's policy or certificate. Plaintiff was insured against any one of certain losses, " which is the direct and proximate result of and which is caused solely and exclusively by external, violent and accidental means ".

On June 4, 1949, plaintiff, while driving an automobile, was involved in a collision with another car, whereby he sustained certain injuries and claims this accident resulted in his disability.

In the " Preliminary Statement " or proof of loss submitted by plaintiff to the defendant on one of its forms, in July, 1949, there appear the following items: the date and location of the accident; description of the collision: " list of injuries sustained — lower chest and shock "; " Were you at the time of this disability affected by any previous disease, infirmity or physical impairment? pre-existing heart condition — Ref. to Dr. DeGraff." On the medical form of the defendant, the doctor listed certain complaints, and his diagnosis.

Defendant bases its motion for summary judgment on three grounds: 1. That the proofs of loss are insufficient; 2. That the plaintiff is concluded or bound by the contents of the proofs; and 3. That the claimed disability was caused by disease, and not solely and exclusively by accidental means, and is therefore not within the coverage of the policy.

On a motion for summary judgment, we are not concerned with the ultimate outcome. Issue-finding rather than issue-determining is the key to the procedure. (*Esteve* v. *Abad*, 271 App. Div. 725, 727.)

Furthermore, the motion calls upon the parties to assemble their proofs and submit them. The motion is determined on the basis of the proof submitted. (*Dodwell & Co.* v. *Silverman*, 234 App. Div. 362, 363.)

Defendant argues that the proof shows that the claimed disability was not caused solely by external means, but was the result of disease and accident, or was contributed to by heart disease.

The fact that the insured was not in perfect health, at the time an accident occurred, would not necessarily bar him from recovering under a policy covering accidental injuries from external causes. " A policy of insurance is not accepted with the thought that its coverage is to be restricted to an Apollo or a Hercules ". (*Silverstein* v. *Metropolitan Life Ins. Co.*, 254 N. Y. 81, 84.)

To what extent must a departure from a normal state of health proceed before it can be called a disease, barring recovery under such policies? This question has been answered in many cases.

In *Silverstein* v. *Metropolitan Life Ins. Co.* (*supra*) the court said at page 84: " In a strict or literal sense, any departure from an ideal or perfect norm of health is a disease or an infirmity. Something more, however, must be shown to exclude the effects of accident from the coverage of a policy. The disease or the infirmity must be so considerable or significant that it would be characterized as disease or infirmity in the common speech of men ". The opinion further quotes with approval from *Leland* v. *Order of U. C. Travelers* (233 Mass. 558, 564) the following: " ' If there is no active disease, but merely a frail general condition, so that powers of resistance are easily overcome, or merely a tendency to disease which is started up and made operative whereby death results, then there may be a recovery even though the accident would not have caused that effect upon a healthy person in a normal state.' "

In *McGrail* v. *Equitable Life Assur. Soc.* (292 N. Y. 419) the court said at pages 426, 427 : " The medical experts testified, that coronary thrombosis could not occur without arteriosclerosis existing to some extent, at least, in the arteries. * * * It is a scientific fact, as well as a matter of common knowledge, that such a condition may exist for years without serious effects. The evidence was that every person over forty years of age has, with varying degree, some hardening of the arteries. It must be held that the policy was written by defendant with that fact and all of its potential consequences in mind."

In other words, a condition or abnormality of health, which may be commonly called a disease, which is dormant, latent or

inactive, and which is awakened or made active by an accident may be considered a result of the accident, and not such a contributing or concurring cause of the accidental injury as to prevent a recovery. (5 Joyce on Insurance [2d ed.], §§ 2832, 2832a, 2879a, pp. 5005, 5006, 5007; Note 131 A. L. R. pp. 241, 244–251, 266; 1 Appleman on Insurance Law and Practice, §§ 401, 403, pp. 498, 499; *Scanlan* v. *Metropolitan Life Ins. Co.*, 93 F. 2d 942, 946 [where insured died fifteen days after automobile collision from blood clot which formed in varicose veins].)

The cases cited by defendant do not, in the least, weaken the effect of the foregoing authorities. Thus, for instance, *Romanoff* v. *Commercial Travelers Mut. Acc. Assn. of America* (243 App. Div. 725) indicates that recovery was not allowed because at the time of the accident plaintiff was suffering from '' two active pre-existing diseases ''. And in *McMartin* v. *Fidelity & Cas. Co.* (264 N. Y. 220) the court, upholding the trial court's dismissal of the complaint, said at page 223: '' Nephritis existent for at least three years, chronic and progressive, may not with any fitness of language or with any sense of reality, be described as a mere predisposing tendency ''.

What is the proof submitted on this motion?

Plaintiff submits his own affidavit, in which he states that prior to the date of the accident, he conducted his business in a normal manner; and refers to a letter from his doctor submitted herein which, by consent, is considered as an affidavit. This letter states, in part, that the doctor first saw plaintiff on August 12, 1948; and, at that time, the electrocardiogram showed a certain amount of '' coronary artery insufficiency ''; that he saw plaintiff again on December 13, 1948, and the electrocardiogram was entirely normal in the respect indicated, and further states '' This would indicate * * * that in December there was no longer any evidence of coronary artery insufficiency in the electrocardiogram.''; that after the accident the electrocardiogram showed considerable changes and '' it would appear, then, that the marked changes present in his electrocardiogram on June 7, 1949, were due to the increased coronary artery insufficiency related to the automobile accident.''

Defendant presented no proof by any medical affiant. Defendant relies, however, on the statements in the proof of claim and the medical certificate of the same doctor, submitted in connection therewith. Defendant further argues that plaintiff is bound by the proof of claim.

The proof of claim by plaintiff, contained the following: "Were you at the time of this disability affected by any previous * * * disease * * *? pre-existing heart condition. Ref. to Dr. DeGraff". And on Dr. DeGraff's report, dated July 19, 1949, the following appears: "About four or five years ago he began to get chest pains related to physical effort. * * * I saw him first on August 12, 1948, at which time he had definite evidence of coronary artery insufficiency, although the condition was not marked at that time."

Plaintiff is not bound or concluded by the proofs of claim, as urged by defendant.

"Proofs of claim submitted by an insured to an insurance company are not conclusive. They may be changed and corrected, explained or rebutted by the insured. (*Wachtel* v. *Equitable Life Assur. Soc.*, 266 N. Y. 345, 351; *Rudolph* v. *John Hancock M. L. Ins. Co.*, 251 N. Y. 208, 214; *Spencer* v. *C. M. L. Ins. Assn.*, 142 N. Y. 505, 509, 510.)" (*Hirsch* v. *New York Life Ins. Co.*, 267 App. Div. 404, 407. See, also, 3 Appleman on Insurance Law and Practice, § 1474, p. 89, and Note, 93 A. L. R. 1342.)

In this state of the proof, there is a triable issue as to whether plaintiff was at the time of the accident suffering from a "disease", as defined in the foregoing cases, and as to whether such disease was a concurring cause of the disability.

The following simple test for determining whether summary judgment may be granted is indicated in *Tidewater Oil Sales Corp.* v. *Pierce* (213 App. Div. 796, 798). Assuming that the proofs presented in support of and in opposition to the motion were testified to in court, would a direction of a verdict be justified?

By this standard, the issue above presented is a jury question.

In *Eisser* v. *Commercial Travelers Mut. Acc. Assn. of America* (247 App. Div. 727, affd. 272 N. Y. 581) the Appellate Division said: "The court erred in charging * * * that if there was a pre-existing diseased heart, which contributed to death, the plaintiff could not recover, because, under the facts of the case, the jury might find that the heart condition did not amount to an active disease at the time plaintiff became ill, but was a dormant condition which was made active by the alleged accident, and, while it may have contributed to the death of the insured, it was not such a contribution as would prevent plaintiff's recovery. (*Silverstein* v. *Metropolitan Life Ins. Co.*, 254 N. Y. 81.)" (See, also, *Lewis* v. *Alcoa S. S. Co.*, 57 F. Supp. 575, 576; 22 Appleman on Insurance Law and Practice, § 12893,

pp. 40, 43; *Campbell* v. *Preferred Acc. Ins. Co. of N. Y.*, 98 F. 2d 53; *Gittelson* v. *Mutual Life Ins. Co.*, 266 App. Div. 141, 143, and *Wolfson* v. *Metropolitan Life Ins. Co.*, 289 N. Y. 70.)

Defendant also relies on an allegation in the complaint, as a basis for summary judgment.

In its brief, submitted on this motion, defendant states that the " motion for summary judgment is based on the proposition that, as a matter of law, there can be no recovery because the proofs of loss submitted * * * and the complaint itself shows that the alleged disability was the result of disease and accident and was not, therefore, caused *solely* and *exclusively* by external violent and accidental means."

In this connection, it is to be noted that the complaint alleges that the accident " resulted in the plaintiff's sustaining contusions of chest, recurrence and aggravation of heart disease ". From this, defendant argues, plaintiff is concluded and barred from claiming that the accident alone caused the disability.

Assuming, *arguendo,* that defendant's interpretation of the pleading is correct, this position is not maintainable.

On a motion for summary judgment, " the moving party can prevail only if he has a good pleading, supported by affidavits setting forth evidentiary facts to support the allegations of his pleading. * * * that same rule does not apply to the pleading of an adversary. * * * you cannot take advantage of defects, technical or substantial, in the pleadings of your adversary; you cannot claim that his pleadings are insufficient in law or that there is a variance between his pleadings and the facts set up in the opposing affidavits, * * * The question is whether regardless of the state of his pleadings, he has set up, * * * evidentiary facts sufficient to entitle him to a trial and to defeat your motion. His defective pleadings may later be amended ". (Shientag on Summary Judgment; pp. 63–64; see, also, *Curry* v. *Mackenzie,* 239 N. Y. 267, 272; *Beloz* v. *Tioga Co. Patrons' Fire Relief Assn.,* 21 N. Y. S. 2d 643, 650, affd. 260 App. Div. 976, and *Carman* v. *Hegeman Farms Corp.,* 275 App. Div. 980.)

Defendant further urges that the proof of loss " limits his proof to the claim stated therein ". Defendant claims that the proof of loss shows a claimed disability " caused by aggravation of a pre-existing heart condition * * * " and is therefore not within the policy. As hereinbefore indicated, the proof of loss may be corrected.

It is also claimed that, by reason of the decision in *Wachtel* v. *Equitable Life Assur. Soc.* (266 N. Y. 345) the proof of claim

is insufficient and would bar a recovery. In the *Wachtel* case (*supra*) the court said: "the proofs of death were not only insufficient to show death caused exclusively by accidental means, but showed affirmatively that death was due to disease." (P. 350.) And at page 352, the court said: "No explanation of the admission that death was due to disease, and no proof that in fact death was due to accident, was ever furnished these companies".

In the instant case, the proofs of claim or loss, distinctly and clearly set forth an accident, an automobile collision on June 4, 1949, resulting in injuries "lower chest and shock".

It is suggested that the inclusion in the proof of claim and attached medical form of such further statements as "pre-existing heart condition" and "definite evidence of coronary artery insufficiency" makes the proof of claim insufficient. This is not the law.

If the proof of claim shows clearly that injury was suffered in an accident, and a disability claimed as a result thereof, the additional disclosure of facts constituting a defense will not render the proofs insufficient. (3 Appleman on Insurance Law and Practice, § 1445.5, 1952 Pocket Supp., p. 14; *Insurance Co.* v. *Rodel*, 95 U. S. 232, 237; *Gittelson* v. *Mutual Life Ins. Co., supra; Lampert* v. *John Hancock Mut. Life Ins. Co.*, 28 F. Supp. 142, affd. 107 F. 2d 1016.)

A similar situation was before the court in *Binder* v. *Commercial Travelers Mut. Acc. Assn. of America* (165 F. 2d 896).

The proof of loss submitted contained the following: "'State how it happened?' * * * 'Deceased was driving his car when it became out of control and crashed into a pole causing the death of deceased.' * * * A note to the form directed that the death certificate be attached. * * * The certificate, however, was signed by Dr. Maitland, who stated as the immediate cause of death: 'Sudden death while driving automobile; coronary thrombosis; coronary arteriosclerosis.'" (*Binder* case, *supra*, p. 899.)

The court below had held the proof of loss insufficient, apparently relying on the *Wachtel* case (*supra*). The Circuit Court of Appeals held the proof sufficient, reversing the court below, and said at page 899: "Such proof has never been construed as that required in a lawsuit in order that a beneficiary should recover."

In *Barnett* v. *John Hancock Mut. Life Ins. Co.* (304 Mass. 564) the court said at pages 569-570: "The statement in the

letter that these diseases were a prime contributory cause of death, if inaccurate, might be found to be harmless, in the face of the positive assertions that double indemnity was claimed ° ° *. Such proof is to be fairly construed, and the plaintiffs could explain and, if necessary, correct the statement as to contributory cause, provided enough remained in the proof to bring the claim within the terms of the policy. The proof could be found to have contained the facts essential to a valid claim, and the characterization of the diseases as a contributory cause did not as matter of law render the proof insufficient." (See, also, *Insurance Co.* v. *Rodel, supra; Commercial Cas. Ins. Co.* v. *Stinson,* 111 F. 2d 63.)

Accordingly, the proof of claim is sufficient.

The defendant's motion for summary judgment must, therefore, be denied.