EMMA P. O'GRADY, Respondent, v. COMMERCIAL TRAVELERS MUTUAL ACCIDENT ASSOCIATION, Appellant. — Judgment and order unanimously reversed on the law and facts, without costs of this appeal to either party, and complaint dismissed, without costs. Memorandum: Defendant appeals from a judgment in favor of the beneficiary of a policy insuring against loss of life of the insured, directly and proximately resulting from and being caused solely and exclusively by external violent and accidental means. An accident occurred when the rear of the automobile operated by the insured was hit by another car causing it to run off the highway. He left the car, walked about two blocks and dropped dead. In the proofs of loss his attending physician stated "it is my opinion that coronary thrombosis following a minor accident caused the death." Since 1955 the insured had been diabetic and had coronary artery and peripheral vascular disease. Within one month before his death a general physical examination by his physician revealed diabetes mellitus, arteriosclerosis generalized with hypertension, auricular fibrillation, and cardiac enlargement. His condi-

tion, medically, was quite serious. The post-mortem examination revealed a myocardial infarction which was from two to five days old and was caused by a coronary occlusion which occurred prior to the accident. There is no evidence that he sustained any serious physical injury in the accident. His doctor, in giving an opinion that the accident caused his death, testified: "on account of the time element, very shortly after being in an automobile accident he dropped dead * * * [the accident] probably set off a chain of events which produced shock in that heart which it could not tolerate". He further testified that the insured was in a particularly precarious position and that any stress which would excite him during this period would or could put sufficient stress on his heart to cause his death. Such proof is insufficient to establish that the death was caused solely and exclusively by external violent and accidental means. In *McMartin* v. *Fidelity & Cas. Co.* (264 N. Y. 220) the court, in holding that inability to withstand the shock which followed an accident was not enough to allow recovery under a similar provision of an accident policy, said: "It is said that 'the accident killed [the insured] because he was unable to withstand the shock which followed it.' Upon that theory plaintiff rests her case. It is not enough. The burden was on plaintiff to show that the idiosyncratic condition of * * * body, upon which the accidental injury impinged ultimately to cause death, was not a disease within the meaning of the established rule. The burden was not met" (p. 223). Here it appears beyond question that the idiosyncratic condition of the insured's body upon which the accidental injury impinged ultimately to cause death was a heart disease which was so serious that any strain might precipitate death. The evidence fails to establish that the insured's death was caused solely and exclusively by accidental means. (Appeal from judgment of Oneida Trial Term for plaintiff in an action on accident insurance policy; also appeal from order denying defendant's motion for a new trial.) Present — Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ.