201 So.2d 486 (1967)
The COMMERCIAL TRAVELERS MUTUAL ACCIDENT ASSOCIATION, OF AMERICA, Appellant,
v.
S.L. KILGORE, Appellee.
No. 7321.
District Court of Appeal of Florida. Second District.
July 19, 1967.
*487 Walter S. McLin, III, of Davis, McLin & Hovis, Leesburg, for appellant.
Walter E. Warren, of Warren, Warren & Austin, Leesburg, for appellee.
SHANNON, Judge.
S.L. Kilgore, appellee, sued under an accident insurance policy issued by Commercial Travelers Mutual Accident Association of America, appellant, insuring him against certain losses "resulting directly and independently of disease, bodily infirmity or any other cause from bodily injuries effected solely and exclusively by external, violent and accidental means." The policy provided for certain weekly payments in the event of total or partial disability. Appellee was injured when another vehicle struck the rear of his automobile while he was stopped at a red traffic light. At that time he was sixty-five years old and had been suffering from osteoarthritis. As a result of the collision he sustained a severe spinal sprain, which so aggravated his arthritic condition that he was totally disabled for sixty-four days and partially disabled for thirty weeks and five days.
Appellant denied liability under the policy on the ground that appellee's disability had not resulted independently of disease or infirmity and directly from bodily injuries effected solely and exclusively by external, violent and accidental means. Appellee, on the other hand, contended that the collision was the sole cause of his disability in that, if it had not been for the accident, his disability would not have occurred. The court below struck appellant's defense and granted appellee's motion for summary judgment, awarding him his attorney's fees. In bringing this appeal appellant assigns as error these two actions on the part of the court below.
Both parties agree that the terms of the policy, as provided therein, are to be construed in accordance with the law of the State of New York. Their disagreement lies in the construction to be placed on two matters: (1) the meanings of the words "disease" and "infirmity," and (2) the type of causal connection that such pre-existing disease or infirmity must have had with appellee's disability to bar recovery. New York law is clear and well-established on both points.
The meanings given the words "disease" and "infirmity" are not technical or scientific ones. They are instead based on common parlance. The language always *488 used by the New York courts is that the disease or infirmity must be "so considerable or significant that it would be characterized as disease or infirmity in the common speech of men." Graves v. Penn Mut. Life Ins. Co., 2d Cir.1955, 227 F.2d 445, 447; Preferred Acc. Ins. Co. v. Clark, 10th Cir.1944, 144 F.2d 165, 168 (applying New York law); Harry L. Sheinman & Sons v. Scranton Life Ins. Co., 3d Cir.1942, 125 F.2d 442, 445 (applying New York law); Bush v. Order of United Commercial Travelers of America, 2d Cir.1942, 124 F.2d 528, 529-530; McMartin v. Fidelity & Cas. Co. of N.Y., 1934, 264 N.Y. 220, 190 N.E. 414, 415; Silverstein v. Metropolitan Life Ins. Co., 1930, 254 N.Y. 81, 171 N.E. 914, 915. A distinction is drawn, then, between an abnormal condition that in its natural and probable development may be expected to be a source of mischief and a condition which is abnormal when measured by a standard of perfection but which is so remote in its potential mischief that common speech would not call it a disease or an infirmity, but at most a predisposing tendency. Bush v. Order of United Commercial Travelers of America, supra, 24 F.2d 530; Silverstein v. Metropolitan Life Ins. Co., supra, 171 N.E. at 915.
Thus, when the court below granted appellee's motion for summary judgment, it necessarily held that as a matter of law appellee's pre-existing osteoarthritic condition was not what would in common speech be labeled a disease or an infirmity, but was at most a predisposing tendency. This was error, as there is evidence to support the conclusion that such condition was severe. The question was one of fact for a jury.
The type of causal connection which the pre-existing disease or infirmity must have had in order to bar recovery by the insured is contribution to the harm resulting from the accident. The pre-existing disease need not have contributed in causing the accident itself, but recovery will be barred if it contributed to causing the harm which resulted therefrom; moreover, it need only to have contributed in causing such harm. Before the insured can recover despite a pre-existing disease or infirmity, the accident must have been the sole cause of the harm suffered. It is not enough that it was a proximate cause. Any causal connection between the pre-existing disease or infirmity and the degree of harm suffered bars recovery. Murasky v. Commercial Travelers Mut. Acc. Ass'n of America, 2d Cir.1938, 94 F.2d 578, 580; McMartin v. Fidelity & Cas. Co. of N.Y., supra, 190 N.E. at 416; Smith v. Massachusetts Bonding & Ins. Co., 1924, 207 App. Div. 682, 202 N.Y. 857, 860; Aetna Life Ins. Co. v. Ryan, 2d Cir.1918, 255 F. 483, 487-488.
There is no dispute here that both appellee's arthritic condition and the collision combined to cause his disability. Thus, under New York law his arthritic condition had sufficient causal connection with his disability to bar his recovery, if the condition were such that it would be termed a disease or an infirmity by common speech. The insured has the burden under New York law of proving that it was not such a disease or infirmity as part of his overall burden of proving that he is within the terms of the policy. Preferred Accident Ins. Co. of N.Y. v. Combs, 8th Cir.1935, 76 F.2d 775, 784; McMartin v. Fidelity & Cas. Co. of N.Y., supra, 190 N.E. at 416.
The summary judgment is reversed and this cause remanded for further proceedings consistent herewith. In view thereof, the matter of attorney's fees is not an issue for us to resolve at this time.
Reversed and remanded.
ALLEN, Acting C.J., and LENFESTEY, JAMES A., Associate Judge, concur.