CHARLES MacRUNNEL v.
NORTHLAND INSURANCE COMPANY.

153 N. W. (2d) 686.

October 27, 1967—No. 40,559.

*Rainer L. Weis* and *Ronald R. Frauenshuh,* for appellant.
*Jerome E. Kline,* for respondent.

PER CURIAM.

The only issue in this case is whether the insurance policy which is the subject matter of this lawsuit is so ambiguous that the insured should be allowed to recover on the basis of the principle that ambiguities in insurance contracts are construed in favor of the insured.[1]

---

[1] Weum v. Mutual Benefit Health & Acc. Assn. 237 Minn. 89, 54 N. W. (2d) 20; Allied Mutual Cas. Co. v. Askerud, 254 Minn. 156, 94 N. W. (2d) 534.

Plaintiff, Charles MacRunnel, insured his commercial tractor-trailer combination with defendant, Northland Insurance Company. On June 2, 1965, a truck belonging to plaintiff was involved in an accident which gave rise to this litigation. At the time of the accident, the trailer described in the policy was being repaired and a borrowed trailer was being used. Damages to the trailer were stipulated, and the present controversy concerns only whether coverage under the insurance policy includes a borrowed trailer used for commercial purposes.

After a trial without a jury, plaintiff's action was dismissed on the merits. Plaintiff thereafter moved for judgment notwithstanding the verdict or in the alternative for a new trial, and he appealed from the order denying that motion.

The claim for coverage by the insured is based upon Paragraph V of the Insuring Agreements:

"Use of Other Automobiles—Collision or Upset Coverage: If the insured is an individual or husband and wife and if during the policy period such insured, or the spouse of such individual if a resident of the same household, owns a *private passenger* automobile covered by this policy, such insurance as is afforded by this policy under coverage B with respect to said automobile applies with respect to any other *private passenger* automobile while being operated or used by such insured or spouse. The term '*private passenger automobile*' means a private passenger, station wagon or jeep type automobile, and also includes any automobile the purposes of use of which is stated in the declarations as 'pleasure and business.' " (Italics supplied.)

Paragraph 10 of the Conditions section of the policy defines automobile:

"*Except where specifically stated to the contrary,* the word 'automobile' wherever used in this policy shall mean the motor vehicle, trailer or semi-trailer described in this policy." (Italics supplied.)

We affirm the trial court's construction of the policy to exclude coverage of the borrowed trailer. Paragraph V specifically defines "private passenger automobile" in terms plainly excluding a borrowed trailer used

for commercial purposes.[2] The terms of this insurance policy, we understand, are not unique, but rather standard. We should not, by construction of language defining an insured risk, increase the risk for which the insured and the insurer contracted.[3]

Affirmed.

---

[2] There is evidence in the record that defendant insurance company had available a special endorsement which would have provided coverage for borrowed commercial vehicles at an additional premium.

[3] Bobich v. Oja, 258 Minn. 287, 104 N. W. (2d) 19; Simon v. Milwaukee Auto. Mutual Ins. Co. 262 Minn. 378, 115 N. W. (2d) 40.